■ ELSIE KAHANE et al., Appellants, v. EDWARD MEEHAN et al., Respondents. — In an action to recover damages for personal injury, medical expenses and loss of services, plaintiffs appeal from so much of an order of the Supreme Court, Queens County, entered December 3, 1964 upon reconsideration, as denied their application for a general preference. Order insofar as appealed from, reversed, without costs; application for a preference in trial granted, and matter remitted to the Trial Term for entry of an appropriate order in accordance with our rules. In view of the uncontroverted nature and extent of the disability of the plaintiff Elsie Kahane, it is our opinion that the jurisdictional monetary limitation of the Civil Court of the City of New York may preclude adequate recovery by this plaintiff, and that a preference in trial should have been granted. It is true there is a conflict of medical opinion as to the causal relationship between the accident and the disability claimed to have resulted therefrom, but this dispute cannot be resolved in advance of trial (see *Squillante* v. *Los Cab Corp.*, 19 A D 2d 817; *Hocherman* v. *I. & G. Service Corp.*, 5 A D 2d 813). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DE BLASIO, Appellant. — Appeal by defendant from two orders of the County Court, Westchester County, entered March 2, 1965: (1) in a *coram nobis* proceeding, an order which denied without a hearing his application to vacate a judgment of said court, rendered September 13, 1963 on his plea of guilty, convicting him of robbery in the first degree and grand larceny and assault, both in the second degree, and imposing sentence upon him as a second felony offender; and (2) an order which denied his motion to withdraw his plea of guilty. Appeal from order denying motion to withdraw plea of guilty, dismissed. Such an order is not appealable directly but may be reviewed only on an appeal from a judgment of conviction. Order denying application to vacate judgment, affirmed (*People* v. *Esposito,* 287 N. Y. 389; *People* v. *Smyth,* 3 N Y 2d 184). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ ROSAL PROPERTIES, INC., Appellant, v. STATE UPHOLSTERY CORP., Respondent. — In an action to recover rent allegedly due under a lease and for damages alleged to have resulted from defendant's failure to maintain and repair the premises, the plaintiff appeals from an order of the Supreme Court, Orange County, entered August 5, 1964, which (1) granted defendant's motion to compel plaintiff to serve a further bill of particulars; and (2) denied plaintiff's cross motion to preclude defendant or, in the alternative, to compel defendant to serve a further bill of particulars. Order modified by granting plaintiff's motion to the extent of directing defendant to furnish a further bill of particulars as to items 3, 4 and 5 of plaintiff's demand. As so modified, order affirmed, without costs. The time of each party to serve its further bill of particulars is extended until 20 days after entry of the order hereon. Under the circumstances of this case, it is our opinion that plaintiff is entitled to a bill of particulars as to defendant's third separate defense and counterclaim, which is based upon an account stated (see 4 Carmody-Wait, New York Practice, p. 653, and cases there cited). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.