Per Curiam.

The judgments of conviction herein are affirmed. Moecio’s arrest as a parole violator was proper. Therefore, his statements were properly received into evidence (cf. People v. Robinson, 13 N Y 2d 296). The failure to hold a voir dire on the voluntariness of Cerullo’s confession was not error because such a procedure was not required at the time of trial herein. There was no fatal prejudice arising out of the joint trial (Code Crim. Pro., § 542).
The cases relied on in the dissent herein (People v. Barbato, 254 N. Y. 170; People v. Valletutti, 297 N. Y. 226) contained proof of objectively verifiable injuries, not equivocal evidence of subjective complaints of pain by the defendants.
It is fundamental that, in a noncapital case, the weight of the evidence is not for our review, and this court will not disturb findings of fact which are based on conflicting testimony (People v. Lobel, 298 N. Y. 243, 251). The only question before us is whether, as a matter of law, the record does not support the holding that the confession was proven, beyond a reasonable doubt, to be voluntary (N. Y. Const., art. VI, § 3, subd. a). In our analysis of this issue, we must, because of the Appellate Division’s affirmance, view the facts in a light most favorable to the People’s case (People v. Monaco, 14 N Y 2d 43, 45). Thus circumscribed by our jurisdiction, it cannot be said, as a matter of law, that, considering the evidence adduced at the trial and at the hearing the confessions were involuntary.
Although both defendants raised objections to the admission of certain statements because they had not been advised of their right to counsel and their right to remain silent, these objections were properly overruled (People v. Gunner, 15 N Y 2d 226). Since defendants were tried before June of 1966, Miranda v. Arizona (384 U. S. 436) is not applicable to these cases (People v. McQueen, 18 N Y 2d 337, decided herewith).