OPINION OF THE COURT
Memorandum.
The order of the Appellate Division is affirmed.
Appellant, convicted of criminal possession of a weapon in the fourth degree (Penal Law, § 265.01), argues that, as a matter of law, the evidence presented by the People was legally insufficient to establish his guilt.
The record discloses that the police received a complaint from one William Morrison that appellant had threatened to shoot him. Responding to this complaint, three officers proceeded to appellant’s residence. After identifying themselves as police officers to appellant, the officers were permitted to enter the premises. As one of the officers followed the appellant into the kitchen, he observed a revolver in plain view on the bed in the adjacent bedroom. He seized the weapon and arrested appellant. Shortly after the arrest, appellant admitted residing at the premises. Later he claimed to reside elsewhere. At trial, appellant’s girl friend, who also resided at the same address and who was present during the search, denied ever having seen the weapon before.
Under our limited powers to review affirmed findings of fact, and viewing the evidence, after a conviction, most favorably to the prosecution (People v Cerullo, 18 NY2d 839, 841), we conclude there was sufficient evidence for the trier of the facts to establish that appellant exercised dominion or control over *721 the weapon (People v Reisman, 29 NY2d 278, 285; Penal Law, § 10.00, subd 8).
Nor is there any merit to appellant’s contention that his will to refuse the police entrance into the apartment was overborne by the presence of three police officers. The mere presence of these officers is only one factor to be taken into account in determining whether consent was voluntarily given. (People v Kuhn, 33 NY2d 203, 208-209.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.