█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GOSCINSKI, Also Known as WILLIAM B. EICHELE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered April 25, 1977, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court did not err in refusing to suppress the physical evidence. On this record, the codefendant's consent to the detectives' entrance into the hotel room shared by the codefendant and the appellant was voluntarily given (see *People v Gonzalez,* 39 NY2d 122, 128-130; *People v Phiefer,* 43 NY2d 719, 720). The items reported stolen were in plain view and could easily have been concealed or removed (see *People v Jackson,* 41 NY2d 146, 150). The cases on which the appellant relies are inapposite on their facts. The appellant's admission that he owned the black floral shirt reportedly worn

by the suspect and found in a brown paper bag at the scene of the burglary was properly admitted in evidence, notwithstanding the absence of *Miranda* warnings, as the appellant was not in custody at the time of the interrogation (see *Matter of Kwok T.,* 43 NY2d 213, 219-220; *People v Rodney P.,* 21 NY2d 1, 10-11; *People v Yukl,* 25 NY2d 585, 592-593, cert den 400 US 851; *Oregon v Mathiason,* 429 US 492, 495). Even if the appellant's admission were suppressed, the evidence established his guilt of burglary in the third degree beyond a reasonable doubt. The morning after the burglary was committed, the appellant was found asleep in a hotel room, the key to which was found at the scene of the burglary in the same paper bag as the black floral shirt worn by the suspect. The appellant apparently shared the hotel room with the codefendant whom the investigating detective had seen driving a van in the intersection where the burgled residence was located. Appellant's appearance corresponded with the witnesses' description of the suspect as a fairly tall, slim, young white male with shoulder length dark hair and no facial hair. A number of the stolen items were in plain view in the small hotel room. At the foot of the bed in which the appellant was found sleeping was a green floral shirt which was the same, except for color, as the black floral shirt worn by the suspect and found on the burgled premises. To a moral certainty, these facts exclude every reasonable hypothesis but guilt (see *People v Von Werne,* 41 NY2d 584, 590; *People v Benzinger,* 36 NY2d 29, 32; *People v Lagana,* 36 NY2d 71, 73). Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.