PINTO, PRISON FARM SUPERINTENDENT *v.*
PIERCE.

No. 284.   Decided October 23, 1967.

*Thomas P. Ford, Jr.,* for petitioner.

PER CURIAM.

Respondent was indicted by the grand jury of Essex
County, New Jersey, on July 2, 1959, for the crime of
robbery while armed.   Following a plea of not guilty,
he was tried before a jury, convicted and sentenced to
a term of from 16 to 23 years in the New Jersey State
Prison.   On June 6, 1966, respondent filed a petition for a
writ of habeas corpus in the United States District Court
for the District of New Jersey.   The District Judge de-
termined from the transcript of respondent's trial that the
trial court had heard in the presence of the jury testi-
mony regarding the voluntariness of an incriminating
statement sought to be introduced by the prosecution,
held that under prior decisions of this Court this pro-
cedure violated respondent's constitutional rights and

granted the writ. The Court of Appeals for the Third Circuit affirmed, and petitioner, the Superintendent of the New Jersey State Prison Farm, seeks a writ of certiorari.

The petition for certiorari is granted and the judgment is reversed. This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances. *Jackson* v. *Denno*, 378 U. S. 368 (1964), held that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing. A confession by the defendant found to be involuntary by the trial judge is not to be heard by the jury which determines his guilt or innocence. Hence, because a disputed confession may be found involuntary and inadmissible by the judge, it would seem prudent to hold voluntariness hearings outside the presence of the jury.[1] In this case, however, the confession was held voluntary and admitted as evidence suitable for consideration by the jury. In addition, there is no claim that because the hearing was held in the presence of the jury it was inadequate or had any other unfair consequences for the respondent.[2]

---

[1] The New Jersey Supreme Court has recently announced that from September 11, 1967, hearings on admissibility shall be outside the presence of the jury if the defendant so requests. See *State* v. *Broxton*, 49 N. J. 373, 386, n. 2, 230 A. 2d 489, 496, n. 2 (1967).

[2] In *United States* v. *Carignan*, 342 U. S. 36 (1951), relied upon by the trial court, reversal of a conviction was affirmed because the trial judge, after hearing some evidence concerning voluntariness with the jury present, refused to permit the defendant to testify on the subject.

The other cases cited by the District Court granted writs of habeas corpus in cases in which trial judges had made no independent determination of voluntariness. See, for the citations to those cases, *United States ex rel. Pierce* v. *Pinto*, 259 F. Supp. 729, 731 (D. C. N. J. 1966).

Finally, it is clear that the respondent in this case did not object to having the voluntariness of his admission considered in the presence of the jury. At his trial the court asked defense counsel whether there was any objection to the testimony being taken in the presence of the jury. Defense counsel replied, "None whatsoever." The court continued, "As you know, it can be taken in their presence or outside of their presence, and that is a matter of discretion with the Court but I am inquiring of you if you have any objections. If you did I would hear you but I assume you have none." Again counsel replied, "I have none." The evidence regarding voluntariness, which included testimony by respondent, was then taken, after which the court ruled that the statement was voluntary.

Since trial counsel consented to the evidence on voluntariness being taken in the presence of the jury, and the judge found the statement voluntary, respondent was deprived of no constitutional right. The motion of respondent for leave to proceed *in forma pauperis* and the petition for certiorari are granted, the judgment is reversed and the case is remanded to the District Court with instructions to dismiss the writ of habeas corpus.

MR. JUSTICE BLACK concurs in the result.

MR. JUSTICE FORTAS, concurring in the result.

I concur in the result because of trial counsel's consent to the taking of evidence on voluntariness in the presence of the jury. Otherwise, I disagree. The rule of *Jackson* v. *Denno,* 378 U. S. 368 (1964), should be more than ritual. It was not intended to assure a determination by the judge at the cost of diluting the jury's role in the determination of voluntariness and the weight to be given to admissions. "Just as questions of admissibility of evidence are traditionally for the court, questions of credi-

34

bility, whether of a witness or a confession, are for the jury." *Id.*, at 386, n. 13. See also *id.*, at 378, n. 8, and cf. *id.*, at 404 (separate opinion of BLACK, J.).

*Jackson* v. *Denno* means that the judge and the jury must each make an independent judgment of voluntariness of an admission, the judge for purposes of admissibility and the jury for evidentiary acceptability, credibility, and weight. A telescoped hearing before judge and jury, in which the judge finds voluntariness for purposes of admissibility, in reality reduces the jury function to an echo. Hearing the evidence simultaneously with the judge, the jury is not apt to approach disagreement with him. I believe that the procedure here sanctioned, by reducing the effectiveness of the jury, gravely impairs the constitutional principle of excluding involuntary confessions which *Jackson* v. *Denno* sought to serve.

The jury is the traditional and preferred arbiter of facts. The procedure countenanced here, by dicta, sanctions, in effect, a direction to the jury to accept and give full credence to the admission—because the judge, hearing the same testimony, has ruled that the admission is voluntary.