**Henry A. VIGLIANO, Appellant,**

v.

**Honorable John G. THEVOS, Hon. John Doe (fictitious) and Hon. John F. Crane, Defendants-Respondents.**

**No. 17033.**

United States Court of Appeals Third Circuit.

Argued Jan. 8, 1968.

Decided Jan. 31, 1968.

Leonard I. Garth, Cole, Berman & Garth, Paterson, N. J., for appellant.

William J. Brennan, III, Deputy Atty. Gen., State of New Jersey Department of Law and Public Safety, Trenton, N. J., for appellees.

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellant ("plaintiff") is imprisoned awaiting his third trial in a New Jersey state court on a murder charge. He commenced this action in the district court and named as defendants Judge

Crane, who is the assignment Judge of the Superior Court of New Jersey, Passaic County, John Doe (fictitious), who will be the trial judge, and John Thevos, the County Prosecutor who will prosecute the case. All were sued in their official state capacities. Plaintiff alleged that his action arose under the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. § 1983 (Civil Rights Act). Jurisdiction was allegedly conferred on the district court by 28 U.S.C. § 1343.

The relief plaintiff sought in the district court was an order requiring defendants to apply the so-called Miranda [1] standards to plaintiff's alleged confession at his forthcoming third trial and an injunction against permitting the receipt of his confession into evidence in violation thereof. The district court denied plaintiff's motion for summary judgment and dismissed his complaint. This appeal followed. The chronology of undisputed events is important.

Plaintiff was indicted for first degree murder. His first trial resulted in a conviction in 1963. After reversal by the Supreme Court of New Jersey, he was retried in 1965 and again convicted. Before this conviction was argued on appeal to the Supreme Court of New Jersey, the United States Supreme Court decided Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which imposed new and more restrictive requirements for the admissibility of confessions. Later the same year the Supreme Court decided Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), which held that Miranda applied to "cases commenced after June 13, 1966." The applicability of these cases to the use of plaintiff's confession in the event of a

new trial was argued to the New Jersey Supreme Court on the second appeal. In 1967 the Supreme Court of New Jersey granted plaintiff a new trial but also determined that the Miranda standards would be inapplicable thereto, reasoning that Miranda did not apply to a retrial of a case originally tried before June 13, 1966. State v. Vigliano, 50 N.J. 51, 232 A.2d 129 (1967). No petition for certiorari was filed by the plaintiff. Rather, he commenced this action.

Plaintiff argues, and we think it may fairly be inferred, that the judge presiding over plaintiff's third trial will be bound by the mandate of the Supreme Court of New Jersey to rule that the admissibility of the confession is not governed by Miranda standards. Plaintiff says Miranda is applicable and the defendants will therefore violate his federal constitutional rights. This being so, he contends that he is entitled to relief in the federal court at this stage.

We shall assume without deciding that the district court had jurisdiction over the cause and the defendants despite the Anti-Injunction Act (28 U.S.C. § 2283).[2] Rather, we shall view the matter, as we think the district court did, as presenting an abstention question.

█ We commence our analysis against the backdrop of the established and salutary principle that the federal courts generally abstain from interfering with prospective state criminal proceedings. See Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); compare Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). This principle would seem to have even greater appeal when the request is directed to a pending state criminal proceeding. Compare Stefanelli v.

---

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. See Cooper v. Hutchinson, 184 F.2d 119 (3rd Cir. 1950), and see Dombrowski v. Pfister, 380 U.S. 479, at pp. 484-485, 85 S.Ct. 1116 (1965). We also pass any question concerning the immunity of the state judges from suits under the Civil Rights Act. Compare Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Since plaintiff says in his brief that he does not seek to enjoin the defendants from "introducing" [we construe to mean "offering"] his alleged confession on his retrial, we need not consider whether effective relief could be granted against the prosecutor alone.

Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). An exception is made, at least at the prospective stage, where there is a showing of a substantial loss or impairment of federal constitutional rights with resulting irreparable injury to a party with standing. In such a case the federal courts will intervene. See Dombrowski v. Pfister, above.

Plaintiff is aggrieved because of the ruling of the Supreme Court of New Jersey that Miranda standards will be inapplicable to his retrial. He argues that such a ruling at the trial will be a violation of his established federal constitutional rights and that it can be so declared without becoming involved in any fact finding. He concludes that the federal court should intervene to prevent this irreparable injury to him as a result of the delay, etc.

■ We conclude that the district court, in the exercise of discretion, rightfully declined to grant the relief requested. Without in any way attempting to prejudge Supreme Court action, we think the United States Supreme Court opinions in Miranda and Johnson do not foreclose, either in logic or common sense, a legally arguable basis for the New Jersey court's decision that Miranda standards do not apply to the facts of this case. Further, in Johnson the Supreme Court stated that there was no constitutional obstacle to its making the Miranda standards applicable only prospectively. It might therefore view the question as to the applicability of Miranda here as one not rising to constitutional proportions.

There are other factors justifying restraint here. First, although most state courts which have considered this issue have decided that Miranda is applicable,[3] a respectable minority have, like New Jersey, decided to the contrary.[4] In addition, we think there was an obvious

good faith determination of the issue by the Supreme Court of New Jersey as a reading of its opinion evidences. Furthermore, a petition for certiorari could then have been filed. Rule 19(1)(a) of the Rules of the United States Supreme Court. We are thus not confronted with a bold rejection by a state court of a clearly binding United States Supreme Court decision.

We think the combination of circumstances we have noted support the conclusion that the district court did not abuse its discretion by abstaining. And we think this can fairly be found without impugning the good faith of any court which has decided the issue.

We, of course, realize that this court has decided the present question contrary to the position taken by the Supreme Court of New Jersey. See Government of Virgin Islands v. Lovell, 378 F.2d 799 (3rd Cir. 1967); United States ex rel. Pierce v. Pinto, 259 F.Supp. 729 (D.C.N.J.1966), aff'd., 374 F.2d 472 (3rd Cir. 1967), rev'd. on other grounds, Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967). But this appeal does not arise under circumstances which compel adherence to that view here.

As anomalous as it may appear, those cases will become applicable if and when the matter is appropriately presented to the district court by way of habeas corpus. If the plaintiff is ultimately convicted and the Supreme Court of New Jersey adheres to its application of Miranda, we cannot assume that the United States Supreme Court, on proper application, will not consider whether it desires to resolve the growing dispute as to the applicability of Miranda to situations such as the present.

Finally, in view of the nature of the relief requested, we think a decent restraint by the federal courts at this stage may be important to a healthy adminis-

3. State v. Shoffner, 31 Wis.2d 412, 143 N.W.2d 458 (1966); State v. Brock, 101 Ariz. 168, 416 P.2d 601 (1966); State v. Ruiz, 421 P.2d 305 (Haw.1966); People v. Sayers, 284 N.Y.S.2d 481 (App.Div.

1967); People v. Doherty, 59 Cal.Rptr. 857, 429 P.2d 177 (1967).

4. People v. Worley, 37 Ill.2d 439, 227 N.E.2d 746 (1967); Jenkins v. State, 230 A.2d 262 (Del.1967).

58

tration of criminal justice in the state courts.

The judgment of the district court will be affirmed.