STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. THOMAS HORNE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 17, 1969—Decided March 31, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mrs. Miriam N. Span,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mrs. Susan T. Sinins,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. David Baime,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM. The disposition of the several contentions of defendant on this appeal from denial of post-conviction relief in relation to a 1964 conviction of assault with intent to rape and consequent commitment under the Sex Offender Act is as follows.

[1] 1. As to the oral admissions, the voluntariness of these was not challenged by defendant at the trial either by objection addressed to that point or by testimony, although he did testify the written confession was procured by coercion.

2. As to the written confession, we find the trial judge by clear implication found the confession voluntary before submitting the issue anew to the jury. *Cf. State v. LaPierre,* 39 *N. J.* 156, 163 (1963). The trial judge was experienced and undoubtedly was aware of the New Jersey requirement of an initial finding of voluntariness by the judge — he undoubtedly abstained from statement of the finding on the record because the jury was present, having heard the proofs, as the New Jersey practice then permitted, and still does unless defendant objects. See *State v. Broxton,* 49 *N. J.* 373, 386 (1967). Defendant's counsel made no point of an absence of such a statement, undoubtedly being satisfied the judge had so ruled implicitly. The case cannot be remanded for an express finding, as was done in *State v. LaPierre, supra,* because the trial judge has since retired. The fact that the hearing took place in the presence of the jury does not impair any constitutional right of the defendant, no objection having been raised at the trial. *Pinto v. Pierce,* 389 *U. S.* 31, 88 *S. Ct.* 192, 19 *L. Ed. 2d* 31 (1967).

3. The contention that the evidence did not in fact justify a finding that the confession was voluntary is without merit. In any event, the point is available only on appeal, not by post-conviction procedure. *R. R.* 3:10A–3.

4. The argument that the Sex Offender Act denies due process because of absence of a trial-type hearing on the diagnostic report was held without merit in our recent decision in *State v. Blanford,* 105 *N. J. Super.* 56 (*App. Div.* 1969).

5. The contention that defendant was denied a fair hearing in the post-conviction court because denied an adjournment to obtain witnesses is without merit. The further contention that a named witness testified at trial against him without being sworn or subjected to cross-examination is without foundation in fact.

6. Defendant contends that the report of the diagnostic center was defective in that it does not show a determination from clinical findings that the offender's conduct was "characterized by a pattern of repetitive, compulsive behavior," as required by *N. J. S.* 2A:164–5. See *State v. Berrios,* 91 *N. J. Super.* 444 (*App. Div.* 1966). We find substance in this complaint. While at one point the report states that "the history of unprovoked attacks suggest the possibility of repetition of such behavior," and at another, "I consider him capable of continuing similar types of assaults," the psychological section of the report states: "There is no indication of repetitive or compulsive sexual trends." In terms of the statutory criterion, the report must be considered ambiguous, to say the least. The mere conclusion in the report that the defendant comes under the act will not suffice. That conclusion is not a substitute for the finding of the statutory criterion stated.

We conclude that the diagnostic center should be required now to state definitely and unqualifiedly, and on the basis of the clinical findings originally reported, whether, as of the date of the 1964 examination, defendant's "conduct was characterized by a pattern of repetitive, compulsive behavior." If the conclusion is in the affirmative the commitment will stand; if in the negative the defendant will be remanded for resentence in the ordinary course, attended by counsel. In our view, the clinical findings first made

would be consistent with either an affirmative or negative conclusion. Defendant has already had (at sentencing) a court hearing on the adequacy of the findings to justify institutional commitment. See *State v. Wingler,* 25 *N. J.* 161, 179 (1957). All we find lacking is a definitive conclusion in respect of the statutory criterion.

Subject to the remand for the limited purpose stated, the judgment is affirmed.