SPECTOR, Judge.
By this belated appeal, appellant seeks reversal of his conviction and sentence of twenty years imposed upon being found guilty of robbery of a liquor store.
Although the public defender was appointed to represent appellant, he declined such assistance of counsel and elected to represent himself at the trial.
The sole point raised for our consideration is appellant’s contention that his rights were violated when his confession was determined to be voluntary by the court in the presence of the jury. The contention is without merit so we must affirm.
We held in Brown v. State, Fla. App., 181 So.2d 578 (1965), that there is no error when the trial judge determines vol-untariness of a confession in the presence of the jury when counsel makes no objection to such procedure. That rule was adhered to in Gregory v. State, Fla.App., 181 So.2d 547, and Wade v. State, Fla. App., 204 So.2d 235. Appellant admits that he made no objection while he was acting as his own attorney in the case at bar but suggests that greater latitude should be afforded him since he is not an attorney. No authority for the proposition is advanced, and we know of none which might be applicable when a defendant discharges his appointed trial counsel and insists on representing himself. Appellant’s reliance on this court’s decision in Allen v. State, Fla.App., 239 So.2d 33, is unavailing. Allen is readily distinguishable from the case at *644 bar since defense counsel in Allen requested a hearing on the question of voluntariness outside the presence of the jury. No such request was made in the case at bar.
The trial court made sufficient inquiry as to the voluntariness of appellant’s confession to warrant its submission to the jury. Thus the requirement of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, was met since the court determined voluntariness rather than the jury. It is clear that Jackson v. Denno requires only that the court determine the voluntariness of a confession before it can be considered by a jury for such weight as it might be entitled to. There is no requirement in Jackson v. Denno that such determination by the trial court must be outside the presence of the jury. Indeed, the Supreme Court held in Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31, that it was not error to hold a voluntariness hearing in the jury’s presence.
The transcript of the trial testimony reflects that the robbery victim positively identified appellant as the perpetrator of the crime. Moreover, appellant does not contend that his confession was the product of any physical coercion. Rather it appears that his claim is that the confession was the product of duress in that appellant’s girlfriend was being held in custody, and he was promised that she would be released if he gave a confession.
The fact that appellant may have been motivated to confess because of his concern for his girlfriend does not, as a matter of law, amount to sufficient coercion to characterize appellant’s confession as involuntary. Cortez v. United States, 337 F.2d 699 (9th Cir. 1964); Kent v. United States, 272 F.2d 795 (1st Cir. 1959).
The judgment reviewed herein is affirmed.
WIGGINTON, Acting Chief Judge, and CARROLL, DONALD K., J., concur.