**UNITED STATES of America, Plaintiff-Appellee, v. Leo Joseph CRITCHLOW, Defendant-Appellant.**

**No. 71–1537.**

United States Court of Appeals, Tenth Circuit.

May 5, 1972.

Jack L. Love, Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

Victor R. Ortega, U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Before SETH and McWILLIAMS, Circuit Judges, and CHRISTENSEN, Senior District Judge.*

PER CURIAM.

The above-named defendant-appellant, convicted and sentenced upon verdict of a jury for violation of the Dyer Act, 18 U.S.C. § 2312, appeals on the grounds (1) that his sentence under the Federal Youth Corrections Act (18 U.S.C. § 5010(b)), until discharged by the Youth Corrections Division of the Board of Parole as provided by 18 U.S.C. § 5017(c), was illegal since this involved the possibility of incarceration beyond the five years provided in Section 2312 for violation of the Dyer Act; (2) that he was unconstitutionally denied a speedy trial by reason of a four month lapse of time from arrest to trial; and (3) that the trial court erred in not according him a "complete and definitive" hearing outside the presence of the jury on the admissibility of his confession.

The appellant was arrested on December 10, 1970. He came before the court insisting that as a claimed eighteen year old he wanted to be handled as an "adult" notwithstanding a report by the prosecuting attorney that appellant had been reported as being only seventeen years of age. He was held for action by a grand jury, bail already having been set. On February 5, 1971, he was brought before the court for consideration of possible waiver of indictment. He declined to waive indictment. On February 22, 1971, the indictment was returned against him by the grand jury. On February 26, 1971, he stated to the court that he was seventeen years of age rather than eighteen, and was advised by the court that in view of his refusal to consent to be prosecuted under the Federal Juvenile Delinquency Act he might be sentenced, if convicted, as a youth offender. He then entered a plea of not guilty to the indictment. On March 29, 1971, upon motion of the government and hearing before the court, his examination by a psychiatrist for the purpose of determining whether he was competent to stand trial was ordered. Upon the basis of the psychiat-

* Sitting by designation pursuant to 28 U.S.C. § 294(c) (1970).

ric evaluation the court ruled that the defendant was perfectly "competent to stand trial".

The trial commenced on April 7, 1971, a little less than four months from the time of appellant's arrest. A verdict of guilty was returned by the jury; appellant as a youth offender was committed for observation pursuant to 18 U.S.C. § 5010(e) and in due course following such study to the custody of the Attorney General or his authorized representative for treatment·and supervision pursuant to 18 U.S.C. § 5010(b) until discharged by the Youth Correction Division of the Board of Parole as provided by 18 U.S.C. § 5017(c).

The evidence at the trial disclosed that the defendant and another person were observed by officers in possession of a motor vehicle which had been reported stolen in another state. Officer Jack E. Johnson, a New Mexico state policeman, was called by the United States and testified before the jury that after being advised of his rights in accordance with *Miranda* [1] the appellant confessed to the stealing and interstate transportation of the motor vehicle in question. No objection to this testimony was interposed, nor had there been any prior motion to suppress the confession. At the close of Johnson's direct examination, counsel for the appellant cross-examined him briefly about his advice of rights and also concerning the content of the incriminating oral statements. In neither aspect was the testimony thereby thrown into question. Following this cross-examination, nonetheless, the trial judge excused the jury, indicated to counsel out of its presence that he had not been involved in prior proceedings in the case, and asked if there had been a voir dire hearing on the admissibility of the defendant's statements. Upon ascertaining that there had been no such prior hearing, the judge proceeded to examine the officer as to the *Miranda* warning and the other circumstance of the confession. Appellant's counsel, aft-

er having been afforded opportunity to cross-examine the officer, moved to strike the confession. The motion was denied. Officer Johnson then was permitted to further testify on the subject before the jury.

Byrnes, an FBI agent who had been present at the interview of appellant, was also permitted to testify under similar circumstances, a hearing out of the presence of the jury being devoted primarily to the question of the admissibility of a card signed by appellant containing the *Miranda* warning signed at Byrnes' request. The latter's testimony was clear and convincing both before and out of the presence of the jury that an appropriate *Miranda* warning was given to the appellant prior to the making of the incriminating statements. The signed acknowledgment of the warning over objection was received. The only discrepancy between the testimony of the two witnesses was that officer Johnson testified that his advice of rights was read from the card, whereas the FBI agent recalled that Johnson made an oral statement of rights to appellant and immediately thereafter the agent reiterated the statement of rights in detail in accordance with the printing on the card and had the defendant sign the acknowledgment. It is not questioned that the statement on the card was in keeping with the requirements of *Miranda*.

The appellant's confession as recounted by officer Johnson and agent Byrnes was not only consistent and believable, but of a convincing nature. Thereafter, the appellant took the stand on his own behalf and did not raise any factual issue concerning the advice given to him about his rights or the voluntariness of his confession, but on the contrary denied that he had admitted that he was guilty and attempted to explain the interstate transportation of the stolen car in company with a companion consistently with his own innocence. The jury could reasonably have considered this

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

testimony as far from convincing. The appellant testified at the time of the trial that he was eighteen years of age.

■ Appellant's contention that the court erred in committing him as a youth offender is not meritorious. The only authority cited by his counsel on the point is Hale v. United States, 307 F.Supp. 345 (W.D.Okl.1970), it being frankly conceded that this case is opposed to appellant's contention. Rogers v. United States, 326 F.2d 56 (10th Cir. 1963), sustains the constitutionality of the Act in a similar context and, in principle, its application to the appellant's situation. It may be noted as another related, but only obliquely raised, point that the trial court clearly found on several occasions, and particularly at the times of the oral pronouncement of judgment and the written commitment, that the defendant was "suitable for handling under the Youth Correction Act". It also found in the order of commitment that the defendant was eighteen years of age on the date of conviction, and recited that the defendant had been convicted by verdict of a jury of violating 18 U.S.C. § 2312 (which section contains a statement of the applicable sentence of imprisonment). In view of these findings, any failure to more expressly record that the Dyer Act offense for which appellant was convicted was "punishable by imprisonment under applicable provisions of law other than [the Federal Youth Corrections Act]" did not impair the validity of the court's sentence. *Cf. Rogers,* 326 F.2d at 58.

■ There is no showing that the defendant was denied a speedy trial in any unconstitutional or prejudicial sense. "There is nothing in the record to indicate nor has appellant made any showing that the lapse . . . between the time appellant was taken into Federal custody and the trial resulted in any oppressive delay, harassment, discrimination or prejudice to appellant." Webber v. United States, 395 F.2d 397, 400 (10th Cir. 1968).

■ Nor do we find prejudicial error in the sequence of the foundational hearings leading to, or supporting, the admission into evidence of appellant's confession or in its admission into evidence itself. No objection was made by appellant's counsel as the testimony had proceeded before the jury in the first instance; but as soon as the court became aware that a *Miranda* question might be involved, upon its own motion it excused the jury and conducted hearings on the subject. The totality of evidence left little room for doubt that the warning was appropriately and timely given and that the appellant's confession was voluntary. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), relied upon by appellant, do not impeach the procedure followed by the trial court under the circumstance shown by the record. On the contrary, Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L. Ed.2d 31 (1967), seems controlling against appellant's position. *See also* United States v. Hathorn, 451 F.2d 1337 (5th Cir. 1971); Garrison v. Patterson, 405 F.2d 696 (10th Cir. 1969), and Evans v. United States, 377 F.2d 535 (5th Cir. 1967). In all events, any irregularity in the sequence of the hearings in and out of the presence of the jury would have been non-prejudicial beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Affirmed.