**James William LINDSEY, Petitioner-Appellee,**

v.

**Walter E. CRAVEN, Warden, Respondent-Appellant.**

**No. 74–1055.**

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1975.

Keith I. Motley (argued), Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellant.

Douglas C. Conroy (argued), Los Angeles, Cal., for petitioner-appellee.

OPINION

Before CHAMBERS and KOELSCH, Circuit Judges, and McNICHOLS,* District Judge.

PER CURIAM.

Lindsey was convicted of armed robbery in the courts of the State of California in 1960. He subsequently applied to the district court for a writ of habeas corpus, alleging that the procedures employed at his trial in determining the voluntariness of his confession violated the requirements of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).[1] The district court granted habeas relief, but we reversed, 427 F.2d 153 (9th Cir. 1970), *cert. denied,* 401 U.S. 913, 91 S.Ct. 886, 27 L.Ed.2d 813 (1971), because Lindsey had not then exhausted

his state remedies. After unsuccessfully pursuing those remedies,[2] he reapplied to the district court for a writ, and the court once again granted his application. 365 F.Supp. 948 (C.D.Cal.1973). The state appeals, and we affirm.

■ We fully concur in the well-reasoned opinion of the court below. On the sparse record before us, it is far from clear whether the state trial judge ever made a full and independent determination of the voluntariness of Lindsey's confession as required by *Jackson.* That such a determination was made must appear from the record "with unmistakable clarity." *See Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct.. 639, 17 L.Ed.2d 593 (1967); *Wallace v. Hocker,* 441 F.2d 219, 221 (9th Cir. 1971). Moreover, even assuming that the record here may somehow be construed to uphold the state's contention that a determination of voluntariness was in fact made by the trial court, any such determination would necessarily have been rendered before Lindsey testified on the voluntariness issue and hence would have been based on "less than all of the relevant evidence." *Jackson, supra,* 378 U.S. at 389 n. 16, 84 S.Ct. at 1787.

■ We similarly agree with the district court's conclusion that *Jackson,* under the circumstances here presented, mandates that the trial judge conduct his inquiry into the voluntariness of a confession outside the presence of the jury. True enough, in *Pinto v. Pierce,* 389 U.S. 31, 32, 88 S.Ct. 192, 193, 19 L.Ed.2d 31 (1967), the Supreme Court said:

"This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct.

---

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

1. *Jackson* is fully retroactive. *See Johnson v. New Jersey,* 384 U.S. 719, 727–729, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

2. *See Lindsey v. Craven,* 27 Cal.App.3d 622, 103 Cal.Rptr. 755 (1972), *cert. denied,* 411 U.S. 921, 93 S.Ct. 1554, 36 L.Ed.2d 314 (1973).

1774, 12 L.Ed.2d 908 (1964), held that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing."; but in *Pinto,* unlike the case before us, the defense counsel explicitly consented to the court's conducting its voluntariness hearing in the presence of the jury, and no claim was raised that the hearing before the jury was inadequate or had any other unfair consequences for the defendant.

Here, on the other hand, no clear consent by Lindsey or his counsel to the procedure employed by the trial court appears from the record, and we are unable to conclude that Lindsey somehow waived his then-unknown right to the *Jackson* procedure. *See Gladden v. Unsworth,* 396 F.2d 373, 376–377 (9th Cir. 1968). In addition, Lindsey was compelled to surrender his fifth amendment privilege against self-incrimination in front of the jury in order to controvert the voluntariness of his confession. *See Harrison v. United States,* 392 U.S. 219, 222, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); *Simmons v. United States,* 390 U.S. 377, 394, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). And finally, the procedure employed by the trial court, in addition to intermingling issues of guilt and voluntariness, exposed to the jury evidence of two other robberies which the police suspected Lindsey of having perpetrated.

Under these circumstances, we cannot conclude that the trial court's holding the voluntariness inquiry in the presence of the jury was harmless error, or that a mere remand for a new state hearing on the voluntariness issue would at this point be an effective remedy. As the district court concluded, Lindsey should be released from custody unless, within a reasonable time, he "shall have been granted a new trial by the State of California on the charge that formed the basis for the conviction of which he now complains." 365 F.Supp. at 954.

Affirmed.