BOWEN, Judge.
The defendant was indicted and convicted for assault in the first degree. Alabama Code 1975, Section 13A-6 — 20 (amended 1977). Sentence was twenty years’ imprisonment.
The only issue on appeal concerns the voluntariness of an unsolicited statement made by the defendant after his arrest.
The defendant was arrested by an officer of the Muscle Shoals Police Department on the night of June 7, 1980. He was charged with driving while intoxicated and driving without a driver’s license and was taken immediately to the Muscle Shoals Police Department arriving at approximately 11:59 P.M.
After refusing to take a P.E.I. test, the defendant was “booked” on the traffic charges. The time from his arrival at the station until he was actually placed in a jail cell was about ten minutes. During this time officers “talked to” defendant about the DWI case. The defendant was not questioned about the assault and shooting of Dewayne Grissom. By all indications, the officers had no knowledge that this crime had been committed before the defendant made his statement.
As the defendant was being escorted to the jail cell “he was mumbling under his voice in a bragging manner that he shot Mr. Grissom.”
The defendant contends now, as he did at trial, that his confession should not have been admitted into evidence because it was involuntary. He argues that “his degree of intoxication would have preempted his ability to formulate the intent necessary to volunteer any statement.” We disagree.
The only evidence that the defendant was intoxicated to such a degree as to render his statement involuntary came when the defendant testified in his own behalf in defense of the charged crime. The defendant stated that he was drunk and denied that he made any statement.
The predicate for the admission of the statement was laid entirely before the jury. No hearing outside the presence of the jury was held to determine voluntariness. However none was ever requested.
Since the defendant never requested the exclusion of the jury, the trial judge was *803 not required to exclude them. Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967); Reynolds v. State, 346 So.2d 979 (Ala.Cr.App.), cert. denied, 346 So.2d 986 (1977).
The State’s evidence shows that although the defendant was intoxicated his intoxication was not such an impairment of the will and mind as to render him unconscious of the meaning of his words. Only such a degree of intoxication will render a confession inadmissible if otherwise voluntary. Bufford v. State, 382 So.2d 1162 (Ala.Cr.App.), cert. denied, 382 So.2d 1175 (Ala. 1980).
Officer Kelly E. Riddle testified on cross examination:
“Q. Do you know whether or not Mr. Borden was intoxicated when he was arrested or not?
“A. Physical appearance would determine that he was intoxicated.
“Q. How intoxicated was he?
“A. I can’t answer that question. Like I said, there was no way of determining that.
“Q. Was he staggering around?
“A. He didn’t have all of his senses that a person was not under the influence of alcohol would have.
“Q. So you’re saying he was pretty drunk?
“A. Yes, sir, he was intoxicated, not to the amount that he wouldn’t know what he was saying.” (emphasis added)
The holding of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not apply to unsolicited volunteered statements. 384 U.S. at 478, 86 S.Ct. at 1630.
“ ‘When the circumstances indicate that according to the common probabilities of experience, the confession was not improperly induced, then no formal predicate is required.’ C. Gamble, McElroy’s Alabama Evidence, Section 200.02(4)(a) (3rd ed. 1977).” Laffitte v. State, 370 So.2d 1108, 1110 (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala.1979).
“In this State confessions are prima facie involuntarily made, and there must therefore be evidence addressed to the trial judge (unless the circumstances attending the confession show that it was voluntary) rebutting that presumption and showing prima facie that the confession was voluntarily made.”
Dyer v. State, 241 Ala. 679, 683, 4 So.2d 311 (1941).
See also Phillips v. State, 248 Ala. 510, 28 So.2d 542 (1947); Johnson v. State, 242 Ala. 278, 5 So.2d 632 (1942); Garrison v. State, 372 So.2d 55 (Ala.Cr.App.); Love v. State, 44 Ala.App. 85, 302 So.2d 140 (1967); Fitzhugh v. State, 35 Ala.App. 18, 43 So.2d 831 (1949).
Under the facts and circumstances of this case we conclude that the State did lay a sufficient predicate and that the trial judge was without error in allowing the confession into evidence.
Although our conclusion is not based on the following, we note that if ever there was a case where the introduction of a confession amounted to harmless error it is here to be found. The evidence against the defendant was overwhelming and quite substantial. The jury spent only ten minutes deliberating before finding the defendant guilty as charged.
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.