403 So.2d 377 (1981)
Durham Eldon STOKES, Appellant,
v.
STATE of Florida, Appellee.
No. 55054.
Supreme Court of Florida.
July 16, 1981.
Rehearing Denied September 30, 1981.
*378 John F. Johnson, Jr., Bushnell, for appellant.
Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
At the jury trial of Durham Eldon Stokes, overwhelming evidence was adduced to show that he participated fully, with other members of the Outlaws Motorcycle Gang, in the brutal and senseless, beating murders of two members of a rival motorcycle gang. For his role, Stokes was convicted of two first degree murders and, despite a jury recommendation of life imprisonment, was sentenced to death.
Stokes has challenged his convictions on dual grounds: a failure to prove premeditation, and the use at trial of an involuntary confession. Neither assertion is sustained by the record, however. As to the first, there was evidence beyond a reasonable doubt that the murders were premeditated, see, e.g., Tedder v. State, 322 So.2d 908, 910 (Fla. 1975), and that they were committed in the course of a robbery and kidnapping, see, e.g., Knight v. State, 338 So.2d 201 (Fla. 1976).
As to the second, the confession used at Stokes' trial was the product of a knowing and voluntary waiver. There was no atmosphere of coercion surrounding his confession and no promises were expressly or implicitly offered. As Stokes' counsel stated at oral argument, Stokes seems to have "jumped at a chance to talk" to police officers when the opportunity first arose. The fact that Stokes may have been motivated to confess because of his concern for the welfare of his family in the face of reprisal threats by the Outlaws Motorcycle Gang is an insufficient basis on which to predicate a motion to suppress. See Halliwell v. State, 323 So.2d 557 (Fla. 1975); Coleman v. State, 245 So.2d 642 (Fla.1st DCA 1971). The record clearly discloses that Stokes had received proper Miranda warnings, and it sustains the state's assertion that his waiver of his privilege against self incrimination and his right to counsel was both knowing and voluntary.
The sentence of death imposed by the trial judge overrode the jury's recommendation of life imprisonment. Under the standard of Tedder v. State, supra,[*] the trial judge acted improperly. Despite the heinous nature of these crimes and the fact that they occurred in the course of kidnappings  factors which would aggravate a sentence under sections 921.141(5)(d) and (h), Florida Statutes  mitigation was proved in the form of Stokes' lack of any significant history of prior criminal activity. In addition, the jury apparently considered the fact that the dominant person in the Outlaws had received immunity from prosecution for his role in these deaths. Under these circumstances, the jury's recommendation was reasonable.
The convictions are affirmed, but the sentences of death are vacated with instructions to resentence Stokes to life imprisonment without parole for twenty-five years on each count.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
ADKINS, J., concurs as to conviction, and dissents as to sentence.
*379 BOYD, Justice, concurring in part and dissenting in part.
I concur in the majority opinion in affirming the trial court's convictions of two counts of murder in the first degree, but I dissent to that portion of the opinion reducing punishment to life imprisonment for each conviction. Appellant's conduct in executing two members of a competing motorcycle gang for purposes of revenge was a cruel, senseless destruction of human life and the only appropriate penalty under Florida law is death.
NOTES
[*] "In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." 322 So.2d 908, 910.