COMMONWEALTH *vs.* STEVEN P. ACERBI. September 15, 1983. *Practice, Criminal,* Voir dire, Admissions and confessions.

The defendant appeals from a conviction of larceny of a motor vehicle (G. L. c. 266, § 28[a]), alleging that the trial judge erred in conducting in the presence of the jury a voir dire examination regarding the admissibility of a custodial confession. We affirm the conviction.

Because the defendant did not object to the presence of the jury during the voir dire, "we review this claim to determine whether there is a 'substantial likelihood that a miscarriage of justice has occurred.' *Commonwealth* v. *Garcia,* [379 Mass. 422, 439 (1980)]. We would reverse only a showing of grave prejudice." *Commonwealth* v. *Tavares,* 385 Mass. 140, 149 (1982).

The defendant requested a voir dire examination of a police officer following the officer's testimony that the defendant had been given

Miranda warnings, both verbally and in writing, and had agreed that he understood his rights, prior to making incriminating statements. There was no suggestion by defense counsel, in his request or thereafter, that the confession had been coerced or otherwise improperly induced. Nor did defense counsel argue or suggest (except perhaps by the nature of his questions) that the defendant lacked the capacity to make a knowing and intelligent waiver of his rights. No testimony was elicited during the voir dire or at any other time during the trial which demonstrated that the defendant's statements might have been made involuntarily or after inadequate or misunderstood Miranda warnings. In fact, the candor of the confession was stressed by defense counsel, who relied exclusively on the confession in closing argument to demonstrate that the defendant did not have the requisite intent to be guilty of larceny.

While conduct of a voir dire within the hearings of the jury with respect to the voluntariness of a confession is not appropriate, there is no constitutional requirement "that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances." *Pinto* v. *Pierce*, 389 U.S. 31, 32 (1967). See *Commonwealth* v. *Polidoro*, 4 Mass. App. Ct. 794 (1976). In the circumstances of this case, we find that there is no "substantial likelihood that a miscarriage of justice has occurred" as a result of the jury's presence during the voir dire. *Commonwealth* v. *Garcia, supra.*

The defendant also asserts that he was denied a specific ruling by the trial judge on the voluntariness of the confession. However, the record does not disclose that a request for such a ruling was made. Moreover, "[w]here, as in the present case, the evidence presented at the voir dire is not conflicting and does not raise any question of custodial coercion, the judge's decision to admit the defendant's statements makes his conclusions as to voluntariness 'clearly evident from the record.' *Jackson* v. *Denno*, [378 U.S. 368, 378-379 (1966)]". *Commonwealth* v. *Brady*, 380 Mass. 44, 52 (1980).

*Judgment affirmed.*

*Richard Zorza* for the defendant.
*Joseph C. McGinn*, Assistant District Attorney, for the Commonwealth.