15-2950
*Frank W. Dearstyne v. William Mazzuca*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judge*,
> MARGO K. BRODIE,
> > *District Judge*.[*]

———————————————————————

FRANK W. DEARSTYNE,

> *Petitioner-Appellant*,

> v.                                                        No. 15-2950

WILLIAM MAZZUCA,
Superintendent, Fishkill Correctional Facility,

> *Respondent-Appellee*.

———————————————————————

[*]Judge Margo K. Brodie of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Petitioner-Appellant:                    MARISA ANN LORENZO, Kelley Drye &
                                             Warren LLP, New York, NY (James V.
                                             O'Gara, III, Kelley Drye & Warren LLP,
                                             New York, NY, and Lisa A. Peebles,
                                             Federal Public Defender, Syracuse, NY, *on
                                             the brief*).

For Respondent-Appellee:                     PAUL B. LYONS, Assistant Attorney General
                                             (Barbara D. Underwood, Solicitor General,
                                             and Nikki Kowalski, Deputy Solicitor
                                             General, *on the brief*), *for* Eric T.
                                             Schneiderman, Attorney General of the State
                                             of New York, New York, NY.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART and REVERSED IN PART**.

Petitioner Frank W. Dearstyne appeals from the judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) denying his petition for a writ of habeas corpus. In 1991, Dearstyne was convicted, following a jury trial in New York state court, of crimes related to the sexual abuse of two young girls who were in the care of Dearstyne's mother for babysitting. Dearstyne served twenty-two years in state prison and is now on parole supervision.[1] We assume the parties' familiarity with the facts and procedural history of this case.

---

[1] Because Dearstyne is on parole supervision, he is "in custody" for habeas purposes. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

"We review a district court's denial of a petition for a writ of habeas corpus *de novo*." *Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016). Dearstyne argues that New York courts unreasonably applied clearly established federal law, as determined by the U.S. Supreme Court, in their response to Dearstyne's claim that his alleged confession was involuntary and therefore inadmissible at trial. In *Jackson v. Denno*, the Supreme Court held that pursuant to the Due Process Clause of the Fourteenth Amendment, "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." 378 U.S. 368, 380, 391 (1964). Accordingly, in *Jackson*, "[a] constitutional rule was laid down . . . that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given." *Sims v. Georgia*, 385 U.S. 538, 543-44 (1967); *see also Pinto v. Pierce*, 389 U.S. 31, 32 (1967) (per curiam) ("*Jackson v. Denno* . . . held that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing.").

Dearstyne, before his trial, moved to suppress his alleged confession on the grounds that the confession was involuntary. New York state trial judge M. Andrew Dwyer held an evidentiary hearing on Dearstyne's involuntariness claim. Following the hearing, Judge Dwyer issued an order, dated July 8, 1991, stating as follows:

> During the taking of the testimony at the Suppression Hearing and in the arguments set forth in the memoranda a sharp question of fact has arisen. There are no clear cut legal issues without resolving the questions of fact. Accordingly, the motion to suppress is denied. A question of fact as to voluntariness has been presented for determination by the trial jury.

3

Dearstyne contends that Judge Dwyer's order violated *Jackson* by failing to adjudicate the voluntariness of Dearstyne's allegedly inadmissible confession prior to submitting the voluntariness issue to the jury. The state, on the instant appeal, counters that Judge Dwyer, in the July 8, 1991 order, did adjudicate Dearstyne's voluntariness claim, namely by finding that Dearstyne's confession was voluntary. However, to the extent the state has not waived this argument through its prior representations in this case, and after a careful review of the entire record, we cannot conclude that the trial judge's resolution of the issue of voluntariness as a matter of federal law "appear[s] from the record with unmistakable clarity." *Sims*, 385 U.S. at 544. Consequently, we find that the state trial court's procedure did not comport with *Jackson v. Denno* and its progeny. *See Jackson*, 378 U.S. at 391; *Sims*, 385 U.S. at 543-44; *Pinto*, 389 U.S. at 32.

In determining the proper remedy for the *Jackson* violation, we are mindful of the Supreme Court's statement that a determination of voluntariness is to be made based on the "totality of all the surrounding circumstances." *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)). Accordingly, we direct that the case be remanded to state court to adjudicate Dearstyne's voluntariness claim in its entirety. This adjudication is to include consideration of Dearstyne's claim that his confession was involuntary because the police intentionally isolated him from his parents and of Dearstyne's claim that his confession was involuntary because the police used coercive interrogation techniques.

Dearstyne also argues that New York courts unreasonably applied clearly established federal law, as determined by the Supreme Court, in rejecting his claim that his trial counsel,

Eugene Grimmick, provided ineffective assistance in violation of Dearstyne's Sixth Amendment rights. Specifically, Dearstyne contends that Grimmick provided ineffective assistance of counsel by not calling at trial, or consulting with, experts in the medical or behavioral and psychological fields. Dearstyne's ineffective assistance claim was denied by the state trial court (McGrath, *J.*) that adjudicated Dearstyne's state-law motion to vacate his conviction. The New York Appellate Division affirmed, and the New York Court of Appeals denied leave to appeal. *People v. Dearstyne*, 761 N.Y.S.2d 118 (3d Dep't 2003), *lv. denied*, 798 N.E.2d 353 (N.Y. 2003).

To establish ineffective assistance of counsel, Dearstyne "must show 1) that his attorney's performance 'fell below an objective standard of reasonableness,' and 2) that there was prejudice, meaning a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Tavarez*, 814 F.3d at 648 (internal citation omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Further, "to obtain habeas relief on his ineffective-assistance claim, [a petitioner] must establish that the state court's rejection of the claim was an unreasonable application of clearly established federal law." *Id.* at 648-49. Here, we cannot find that the New York state courts unreasonably applied *Strickland v. Washington* in determining that Dearstyne's trial counsel's performance did not fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In particular, Judge McGrath reasoned that Dearstyne's trial counsel had pursued a "clear strategic pattern" of "point[ing] out the ambiguities of the People's case in every area, emphasizing to the jury that there were no experts to interpret the evidence, and challeng[ing] them to find sexual abuse 'beyond a reasonable doubt.'" Respondent's App. at 30. The state courts' adjudication of Dearstyne's ineffective assistance allegations did not run afoul of the "doubly" deferential

5

"standards created by *Strickland* and § 2254(d)." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Accordingly, we deny Dearstyne's ineffective assistance of counsel claim.

We have considered all of the parties' remaining arguments and have found in them no basis for altering our decision. Accordingly, the judgment of the district court is **AFFIRMED IN PART and REVERSED IN PART**. We remand for the entry of judgment conditionally granting the writ of habeas corpus and ordering Dearstyne's release from parole unless a New York court adjudicates the voluntariness of Dearstyne's confession within ninety days after issuance of the mandate to the federal district court. If that adjudication results in the determination that Dearstyne is entitled to a new trial, then a new trial must be held within 180 days of the issuance of the mandate to the federal district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK