**UNITED STATES of America,**
**Appellee,**

v.

**Domingo GATON, also known as Antonio Carro and Delvis Vargas, also known as Pedro Antonio Carbajar, also known as Pedro Antonio Carvajal, Defendants–Appellants,**

**Luis Morant–Cordero, also known as Luis Moran Cordero, Defendant.**

**Nos. 03–1422, 03–1489.**

United States Court of Appeals, Second Circuit.

May 25, 2004.

Stephanie M. Carvlin, New York, NY, for Appellant Gaton.

David Touger, Peluso & Touger, LLP, New York, NY, for Appellant Vargas.

Lisa A. Baroni, Assistant United States Attorney for the Southern District of New York (Gary Stein, Assistant United States Attorney, David N. Kelley, United States Attorney), for Appellee, of counsel.

Present: WINTER, STRAUB, and LAY,* Circuit Judges.

### *SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of the District Court are hereby AFFIRMED.

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Defendant–Appellant Domingo Gaton ("Gaton") appeals from the judgment of conviction entered on June 30, 2003 in the United States District Court for the Eastern District of New York (Harold Baer, Jr., *Judge*) upon his guilty plea to (1) distributing and possessing with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A); and (2) conspiracy to do the same under 21 U.S.C. § 846. Gaton was sentenced principally to 120 months' incarceration on each of the two counts of conviction to be served concurrently.

Defendant–Appellant Delvis Vargas ("Vargas") appeals from the judgment of conviction entered on August 15, 2003 in the United States District Court for the Eastern District of New York after a four day jury trial before Judge Baer. Vargas was found guilty of conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 and was sentenced principally to 121 months' incarceration. Vargas's motion for judgment of acquittal claiming insufficient evidence was denied. *See United States v. Vargas,* No. 02 CR 1388, 2003 WL 21659359 (S.D.N.Y. July 14, 2003). Familiarity is assumed as to the facts of this case, its procedural context, and the issues that have been raised for appellate review.

Defendant Vargas's claim that he was convicted based on insufficient evidence is reviewed *de novo. See United States v. Reyes,* 302 F.3d 48, 52 (2d Cir.2002). Such a challenge faces a "heavy burden." *United States v. Matthews,* 20 F.3d 538, 548 (2d Cir.1994). "We overturn a conviction on that basis only if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, we determine that no rational trier of fact could have conclud-

ed that the Government met its burden of proof." *United States v. Glenn,* 312 F.3d 58, 63 (2d Cir.2002) (internal quotation marks omitted). Defendant's "conviction can rest solely on circumstantial evidence" but "if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *Id.* at 70 (internal quotation marks omitted).

■ In denying Vargas's challenge to the sufficiency of the evidence, the District Court stated that:

[I]t was reasonable for the jury to find beyond a reasonable doubt that Vargas knew about and voluntarily joined the conspiracy given that 1) Vargas and Cordero spoke by cell phone eleven times that day, including a call several minutes before they arrived in the van at La Caridad Restaurant, 2) Cordero and the defendant possessed at least constructively a hollowed-out loaf of bread, not an uncommon method for storing drugs and other contraband, 3) the transaction between Cordero and Gaton occurred in Vargas's van and afterwards Vargas drove Gaton and Cordero away from the restaurant, 4) Vargas attempted to [elude] the police, and 5) he made several false and inconsistent statements about the source of the cash found in the van and about how he earned the money working as a grocery clerk. Moreover, when arrested he had on his person $1,000 in cash and $4,400 in the van—including all $2,000 of the prerecorded "buy" money—all of which he later claimed was his.

*Vargas,* 2003 WL 21659359, at *3 (footnote omitted).

Though no particular piece of evidence is itself conclusive, we review the evidence in

its totality. *See Glenn,* 312 F.3d at 63. Having introduced substantial undisputed evidence of Vargas's involvement in the conspiracy, we agree with the District Court that Vargas was convicted by evidence sufficient to sustain conviction after a jury trial.

■ Vargas's claim that the District Court erred by requiring the jury to redeliberate is similarly unavailing. In *United States v. Rastelli,* 870 F.2d 822, 835 (2d Cir.1989), *cert. denied sub nom Agar v. United States,* 493 U.S. 982, 110 S.Ct. 515, 107 L.Ed.2d 516, we rejected the notion "that a jury verdict is automatically final when announced by the foreman." *Id.* at 834. Rather, a federal district court "has authority to require redeliberation in cases in which there is uncertainty, contingency, or ambiguity regarding the jury's verdict." *Id.* at 835; *see also United States v. Hiland,* 909 F.2d 1114, 1137 (8th Cir.1990); *cf. Deane v. Dunbar,* 777 F.2d 871, 875 (2d Cir.1985) (stating in a civil case under § 1983 that "[t]he trial judge, well situated to interpret the nuances of the juror's response, must retain broad discretion to determine whether resumed deliberations are appropriate"). The jury's responses on the verdict form were clearly ambiguous. Having not yet discharged the jury, the District Court had the authority to require redeliberation, and we certainly find no error in its doing so.

■ We also deny defendant Gaton's objections to the District Court's decision not to grant him safety valve relief under 18 U.S.C. § 3553(f) and United States Sentencing Guidelines Manual § 5C1.2. The burden is on the defendant to prove that he has satisfied all five criteria for safety valve relief. *United States v. Tang,* 214 F.3d 365, 371 (2d Cir.2000); *United States v. Ortiz,* 136 F.3d 882, 883 (2d Cir.1997). In particular, regarding the fifth requirement that the defendant truthfully provide all information and evidence concerning the relevant offense, we have emphasized the defendant's obligation "to *prove* to the court that he has provided the requisite information." *United States v. Gambino,* 106 F.3d 1105, 1110 (2d Cir.1997). The District Court's factual findings as to Gaton's eligibility for safety valve relief are reviewed for clear error and its legal interpretation of the safety valve provisions are reviewed *de novo. See United States v. Ortiz,* 136 F.3d at 883.

We find that the District Court made sufficient factual findings to permit appellate review of Gaton's safety valve claims. *See United States v. Thompson,* 76 F.3d 442, 456 (2d Cir.1996) ("As to facts disputed in connection with sentencing, the court is required to make findings sufficient to permit appellate review."). In *Gambino,* 106 F.3d 1105, we rejected a challenge to the sufficiency of factual findings in a district court's safety valve determination. In that case:

[t]he district court judge indicated that after considering all of the materials before him "there may be a lot more that [the defendant, Catalano, knows] and there may not be but it does seem to me fairly difficult for you to sustain the position that you are telling us now in light of what the safety valve provision requires" and then went on to impose sentence "without the advantage of the safety valve provision." We have no difficulty in this context construing the district court's statement as a finding that Catalano failed to meet his burden of proving that he had truthfully provided all the information available to him. The record shows that the court based this finding on the detailed representations in the government's letter, which the court credited over Catalano's implausible arguments in rebuttal. The court even pointed Catalano to the spe-

cific allegations in the government's letter that caused the court concern, and offered Catalano ample opportunity to respond. Although the district court's finding is a bit ambiguous, in light of the record, and the single issue presented to the district court, the basis of the court's ruling is plain. Accordingly, we reject this aspect of Catalano's argument.

*Id.* at 1111.

In Gaton's case, the court engaged in a lengthy discussion with counsel for both sides as to the credibility and completeness of Gaton's proffer statements. The court stated that its safety valve determination did not depend on either the veracity of Gaton's statements regarding his personal drug use, or Gaton's decision not to enter into a cooperation agreement with the government.[1] After rejecting these grounds for decision, it is clear from the record that the court was persuaded by the government's position that Gaton was not sufficiently truthful and forthcoming as to his level of experience in drug dealing to satisfy the safety valve requirements. Having "not only listened but [also] read" about the parties' arguments as to safety valve applicability, the court held that "the safety valve requirements, at least Requirement Number 5 [of 18 U.S.C. § 3553(f)], has not been met." We find that the District Court's findings are sufficient to permit appellate review, having exceeded the requirements stated in *Gambino*, 106 F.3d at 1111. Furthermore, there was no clear error in the court's determination that the defendant failed to satisfy his burden of proof as to the fifth requirement.

For the foregoing reasons, the judgments of the District Court are hereby AFFIRMED.

---

**1.** Because the court did not rely on Gaton's decision not to enter into a cooperation agreement, the court did not draw an adverse inference from Gaton's silence in violation of the Fifth Amendment right against self-incrimination. Furthermore, we have held that the disclosure aspect of the safety valve provisions does not violate the Fifth Amendment.

*See United States v. Cruz,* 156 F.3d 366, 375 (2d Cir.1998) (finding "no violation of the Fifth Amendment in the requirement . . . that the defendant disclose relevant conduct beyond what is included in the offense of conviction in order to obtain the benefit of the safety valve").