14-1934-pr
*Tavarez v. Larkin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2014

(Argued: June 15, 2015          Decided: February 29, 2016)

Docket No. 14-1934-pr

———————————————————

JOSE TAVAREZ,

*Petitioner-Appellant*,

– v. –

SUPERINTENDENT RONALD LARKIN,

*Respondent-Appellee*.

———————————————————

Before: CALABRESI, LIVINGSTON, *Circuit Judges*, and SESSIONS, *District Judge*.[1]

Appellant Jose Tavarez appeals from a May 18, 2014, judgment of the United States District Court for the Eastern District of New York (Cogan, *J*.) that denied his petition for a writ of habeas corpus. On May 19, 2014, the district court issued a certificate of appealability on two questions: (1) whether a state court decision denying an ineffective assistance of counsel claim can be contrary to, or an unreasonable application of, the prejudice requirement in *Strickland v. Washington*, 466 U.S. 668 (1984), where a petitioner received concurrent sentences, only one of which is the subject of the ineffective assistance claim; and (2) when a state court has held that a claim is procedurally barred and that the bar will not be excused by ineffective assistance of counsel, should a federal habeas court apply AEDPA deference in considering whether that ineffective assistance of counsel claim can serve as cause and prejudice for excusing the procedural default. *See* 28 U.S.C. § 2253(c).  We AFFIRM the judgment of the district court.

---

[1] Hon. William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

DANIEL B. FIELDS, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York, *for Petitioner-Appellant*

MERRI TURK LASKY, JOHN M. CASTELLANO, *Assistant District Attorneys*, *for* RICHARD A. BROWN, *District Attorney Queens County*, Kew Gardens, New York*, for Respondent-Appellee*

CALABRESI, *Circuit Judge*:

The primary issue in this case, as certified by the district court, is whether a state-court decision denying an ineffective-assistance-of-counsel claim can be contrary to, or an unreasonable application of, the prejudice requirement in *Strickland v. Washington*, 466 U.S. 668 (1984), where petitioner receives identical concurrent sentences, only one of which is the subject of an ineffective-assistance claim. We affirm the judgment of the district court.

## BACKGROUND

In the early morning hours of May 6, 2005, Petitioner-Appellant Jose Tavarez shot and killed his girlfriend, Liliana Alvarez, in her bedroom. Tavarez was charged in New York with murder in the second degree and criminal possession of a weapon in the second degree. He was tried before a jury in New York Supreme Court, Queens County. Acceding to a request by the prosecution, the trial court charged the jury on first-degree manslaughter as a lesser-included offense.

At the conclusion of the trial, the jury announced a verdict of "not guilty" of second-degree murder but "guilty" of first-degree manslaughter. These verdicts are not in question.

The clerk of the court then asked about the weapons charge and the following exchange took place:

THE CLERK: As to the second count of the indictment, Criminal Possession of a Weapon in the Second Degree, how do you find the defendant?

THE FOREPERSON: Not guilty.

THE CLERK: So that we are clear, I will ask you again, as to the second count of the indictment, Criminal Possession of a Weapon in the Second Degree, how do you find the defendant?

THE FOREPERSON: Not guilty.

THE CLERK: Ladies and gentlemen of the jury, listen to the verdict as it stands recorded, Criminal Possession of a Weapon --

THE COURT: Do you want to go back and fill the rest of the box in? Go back and fill it out.

THE JURORS: Yes.

THE COURT OFFICER: Step out.

(Whereupon, the jury left the courtroom)

(Whereupon, the jury entered the courtroom)

THE CLERK: Let the record reflect the 12 deliberating trial jurors are once again present in the courtroom. Madam Foreperson, as to the second count of the indictment, Criminal Possession of a Weapon in the Second Degree, how do you find the defendant?

THE FOREPERSON: Guilty.

Tavarez App. 53-54.

The court then polled the jurors, who unanimously reported that their verdict was not guilty as to second-degree murder, but guilty as to manslaughter in the first degree and guilty as to criminal possession of a weapon in the second degree. On September 12, 2007, Tavarez was sentenced to concurrent prison terms of fifteen years, to be followed by five years of supervised release, on the manslaughter and weapons convictions. He was also assessed a $250 mandatory surcharge.

3

On direct appeal to the Appellate Division in 2009, Tavarez, through counsel, argued that he had been denied his Fourteenth Amendment right to a fair trial (and also suggested that he had been placed in double jeopardy) when the trial court sent the jury back to the jury room following its announcement of a "not guilty" verdict on the weapons count. Tavarez added that if the Appellate Division was inclined to find the fair-trial claim unpreserved, then it should hold that trial counsel was ineffective for failing to object when the trial court sent the jury back into the jury room. The Appellate Division rejected the fair-trial claim, stating that "[t]he defendant's remaining contention is not preserved for appellate review and, in any event, is without merit," and did not expressly address Tavarez's ineffective-assistance claim. *People v. Tavarez*, 892 N.Y.S.2d 865, 866 (App. Div.), *leave to appeal denied*, 14 N.Y.3d 845 (2010) (table).

Tavarez then commenced state post-conviction proceedings by filing a motion to vacate the judgment, pursuant to N.Y. Crim. Proc. Law § 440.10(1)(h), in the state trial court in which he was convicted. Tavarez again asserted, among other things, that trial counsel was ineffective for failing to object when the trial court sent the jury back. The state post-conviction court found that Tavarez failed to raise the ineffective-assistance-of-trial-counsel claim before the Appellate Division on direct appeal, and thus deemed the claim procedurally barred on state-law grounds.

Tavarez subsequently filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The district court (Cogan, *J.*) denied relief. *Tavarez v. Larkin*, No. 12 Civ. 4015, 2014 WL 2048419, at *12 (E.D.N.Y. May 18, 2014). As to ineffective assistance of counsel, the court ruled that while Tavarez's counsel had been deficient in failing to object to the verdict procedure, Tavarez could not establish prejudice under the deferential standard of review

4

mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he had been sentenced to concurrent fifteen-year terms of imprisonment. *See id.* at *8.

As for the fair-trial claim, which the district court interpreted as including a double-jeopardy claim, the district court agreed with the Appellate Division that the claims had been procedurally defaulted in the trial court when counsel failed to object. *See id.* at *11. Moreover, Tavarez could not, the district court held, overcome this procedural bar by arguing that trial counsel was ineffective because review of state court decisions on claims advanced solely to overcome a procedural bar are themselves subject to AEDPA deference. *See id.* at *12. In other words, whether advanced as an independent ground for relief, or as cause to excuse a procedural default and reach the merits of separate claims, Tavarez's ineffective assistance claim was doomed by AEDPA. The district court issued a certificate of appealability "as to two specific questions: (1) whether a State court decision denying an ineffective assistance of counsel claim can be contrary to, or an unreasonable application of the prejudice requirement in *Strickland*, where the petitioner received concurrent sentences, only one of which is the subject of the ineffective assistance claim; and (2) whether, when a State court has held that a claim is procedurally barred, and that the bar will not be excused by ineffective assistance of counsel, a federal habeas court should apply AEDPA deference in considering whether that ineffective assistance of counsel claim can serve as cause and prejudice for excusing the procedural default." *Id.* Tavarez appeals.

5

**A.**

We review a district court's denial of a petition for a writ of habeas corpus *de novo* and the underlying state court's decision on the merits for "an objectively unreasonable application of clearly established federal law," as determined by the Supreme Court. *Lynch v. Dolce*, 789 F.3d 303, 310-11 (2d Cir. 2015) (quoting *Rivas v. Fischer*, 780 F.3d 529, 546 (2d Cir. 2015)); *see* 28 U.S.C. § 2254(d)(1). Where, as here, the state court does not provide reasons for its dismissal of a petitioner's claim on the merits, we consider "what arguments or theories . . . could have supported[ ] the state court's decision," and may grant habeas only if there could be no disagreement among "fairminded jurists . . . that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

As an initial matter, we decline the district attorney's invitation to dispose of this case by invoking the discretionary concurrent sentence doctrine. *See United States v. Davis*, 689 F.3d 179, 184 (2d Cir. 2012) (recognizing that concurrent sentences do not moot a challenge to one of the two sentences).

We therefore proceed to consider Tavarez's claims. Tavarez first contends that he is entitled to habeas relief because he received ineffective assistance of counsel at trial when his attorney failed to object to the jury's verdict on the weapons count. Under *Strickland v. Washington*, 466 U.S. 668 (1984), Tavarez must show 1) that his attorney's performance "fell below an objective standard of reasonableness," *id*. at 688, and 2) that there was prejudice, meaning a "reasonable probability that, but for counsel's unprofessional errors, the result of

6

the proceeding would have been different," *id.* at 694; *see also Lynch*, 789 F.3d at 311 (describing *Strickland* prejudice as "meaning a 'reasonable probability' that, but for counsel's error, the *outcome* would have been different" (emphasis added)).  On appeal, Tavarez does not dispute that the state courts rejected his ineffective-assistance claim on the merits.[2] Thus, to obtain habeas relief on his ineffective-assistance claim, Tavarez must establish that the state court's rejection of the claim was an unreasonable application of clearly established federal law.

We agree with the district court that even assuming, *arguendo*, that trial counsel in this case acted unreasonably in failing to object, Tavarez cannot show prejudice.  We therefore answer the first question in the certificate of appealability in the negative.  Tavarez argues that this case is governed by our decision in *Jackson v. Leonardo*, 162 F.3d 81 (2d Cir. 1998), in which we held that the potential collateral consequences of a conviction were sufficient to establish *Strickland* prejudice, even where the defendant received identical

---

[2] To be clear, the Appellate Division on direct appeal did not expressly address Tavarez's ineffective-assistance claim.  However, the district court below interpreted this Court's decision in *Jimenez v. Walker*, 458 F.3d 130 (2d Cir. 2006), to require the presumption that the Appellate Division rejected Tavarez's ineffective-assistance claim on the merits, and both questions in the certificate of appealability assume the existence of a state-court decision rejecting Tavarez's ineffective-assistance claim on the merits.  We need not address whether the district court correctly determined that the Appellate Division rejected Tavarez's ineffective-assistance claim on the merits, because Tavarez has not disputed the district court's determination.  Moreover, we note that the state post-conviction court's conclusion that Tavarez's ineffective-assistance claim was procedurally barred on state law grounds does not deprive us of jurisdiction to consider Tavarez's ineffective-assistance claim.  This is because, on federal habeas review, procedural default is not a jurisdictional bar, but rather a "'defense' that the State is 'obligated to raise' and 'preserv[e]' if it is not to 'lose the right to assert the defense thereafter.'"  *Trest v. Cain*, 522 U.S. 87, 89 (1997) (alteration in original) (quoting *Gray v. Netherland*, 518 U.S. 152, 166 (1996)).  Here, the State has not, at any point during federal habeas proceedings, argued procedural default of Tavarez's *ineffective-assistance* claim, as opposed to Tavarez's fair-trial and double-jeopardy claims.  A federal habeas court has no obligation to raise procedural default where the State itself does not do so.  *See id.*

concurrent sentences on two convictions, only one of which was being challenged. *Id.* at 86-87. And, were we considering Tavarez's claim *de novo* on direct appeal, we would agree that *Jackson* controls and is binding on us.

Reviewing the state court's decision under AEDPA, however, we cannot say that that court's contrary conclusion was "an objectively unreasonable application of clearly established federal law," as determined by the Supreme Court. *Lynch*, 789 F.3d at 311. Tavarez cannot point us to a Supreme Court case that holds that collateral consequences of conviction are sufficient to establish *Strickland* prejudice where a defendant, serving identical sentences that run concurrently, challenges only one of two convictions and sentences.

Tavarez relies on the Supreme Court's decision in *Ball v. United States*, 470 U.S. 856, 864–65 (1985). In *Ball*, the Supreme Court held that the defendant, a convicted felon, could not be convicted both of possessing (in violation of 18 U.S.C. § 1202(a)(1)) and of receiving (in violation of 18 U.S.C. § 922(h)(1)) a weapon. The court also concluded that the remedy was not to make the sentences on the separate counts run concurrently rather than consecutively, but instead to vacate one of the convictions. This was because the collateral consequences of the convictions "may not be ignored":

> [T]he presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

*Id.* at 865 (citations omitted).

While *Ball* is suggestive of the Supreme Court's ultimate decision on the issue before us, were the Court ever to reach it, it does not "clearly establish[]" the proposition for

8

purposes of AEDPA review. This conclusion is further supported by the Supreme Court's continued acceptance, in however limited a form, of the concurrent sentence doctrine, which allows courts, in their discretion, to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences. While the Supreme Court accepts this doctrine, it can hardly be a clearly established principle of Supreme Court jurisprudence that the collateral consequences of a conviction alone suffice to establish *Strickland* prejudice.

**B.**

Tavarez next argues that the trial court's actions following the announced verdict on the weapons count deprived him of a fair trial and placed him in double jeopardy. Because Tavarez's counsel failed to object at trial, to succeed on the merits of the claim, he must first overcome the procedural defect that the Appellate Division stated justified denying his appeal. He can do this by convincing us that there was cause to excuse the failure to object, and that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

There is no doubt that ineffective assistance of counsel can serve as cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2001). The district court, however, concluded that even when advanced for the sole purpose of excusing the default of a separate claim, a state court determination on the merits of ineffective assistance must be given AEDPA deference.

Our sister courts have split on the issue whether *de novo* review or AEDPA deference applies when a habeas petitioner advances a claim of ineffective assistance as cause to

9

excuse procedural default (rather than as independent grounds for habeas relief).[3] We need not decide which standard of review applies here, however, for we find that even if Tavarez can show cause to excuse procedural default, his underlying fair trial and double jeopardy claims fail to provide grounds for granting his habeas petition.[4]

Although the state court found the fair-trial and double-jeopardy claims procedurally barred, it also deemed those claims "in any event . . . without merit." *Tavarez*, 892 N.Y.S.2d at 866. As a result (assuming, as we do, that Tavarez can establish cause to excuse procedural default), since there is also a state-court decision rejecting Tavarez's fair-trial and double-jeopardy claims on the merits, we must examine the merits of those claims. And that we must do under AEDPA's deferential standard of review. Applying that standard to the case before us, we conclude that Tavarez has failed to establish that the state court's determination that his fair-trial and double-jeopardy claims were "without merit" was an unreasonable application of clearly established Supreme Court law.

In the state courts, Tavarez relied primarily on state law in arguing that the jury verdict had been improper. In his brief to the Appellate Division, however, Tavarez did

---

[3] *Compare, e.g.*, *Janosky v. St. Amand*, 594 F.3d 39, 44–45 (1st Cir. 2010) (acknowledging circuit split); *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006) ("Although [petitioner] must satisfy the AEDPA standard with respect to his independent IAC claim, he need not do so to claim ineffective assistance for the purpose of establishing cause."); *Fischetti v. Johnson*, 384 F.3d 140, 154–55 (3d Cir. 2004) (*de novo* review applies to ineffective assistance claim in the cause and prejudice context); *with Richardson v. Lemke*, 745 F.3d 258, 273 (7th Cir.) (deferential AEDPA standard applies in cause-and-prejudice context), *cert. denied sub nom. Richardson v. Pfister,* 135 S. Ct. 380 (2014); *Roberson v. Rudek*, 446 F. App'x 107, 109-10 (10th Cir. 2011) (summary order) (implicitly agreeing with deferential standard by affirming district court's invocation of AEDPA deference).

[4] After all, procedural default is "not jurisdictional in the [federal] habeas context," as it is on direct review of a state-court decision. *Jimenez*, 458 F.3d at 140 n.8. And we may affirm the district court's denial of Tavarez's habeas petition on any ground available in the record. *See Cornell v. Kirkpatrick*, 665 F.3d 369, 378 n.6 (2d Cir. 2011).

argue that "[t]he court's rejection of the earlier verdict sent the unmistakable message to the jurors that they had gotten it 'wrong.' Appellant, therefore, was deprived of his due process right to a fair trial." Tavarez App. 149. In support of this argument, Tavarez relied on the Fourteenth Amendment of the U.S. Constitution in a heading to Point II of the brief, and cited *United States v. Martin Linen Supply Co.,* 430 U.S. 564 (1977), for the proposition that "[t]he trial judge is . . . barred from attempting to override or interfere with the jurors' independent judgment in a manner contrary to the interests of the accused," *id*. at 573. In other words, he argued there, and subsequently to us, that the trial court improperly influenced and coerced the jury.

Typically, improper influence or coercion by the trial judge arises in the context of an *Allen* charge given by a judge, which instructs a jury to continue deliberating when it announces that it is deadlocked. Whether such an instruction violates due process "hinges on whether it tends to coerce undecided jurors into reaching a verdict. Coercion may be found when jurors are encouraged to abandon, without any principled reason, doubts that any juror conscientiously holds as to a defendant's guilt." *Smalls v. Batista*, 191 F.3d 272, 278–79 (2d Cir. 1999) (quoting *United States v. Melendez*, 60 F.3d 41, 51 (2d Cir. 1995)).

Here, on one quite plausible reading of the transcript, the judge did not instruct the jury to do anything, and did not reject the announced verdict at all. Instead, he simply asked the jurors if they wanted to "fill the rest of the box in," to which they answered "yes." The jury then left for an indeterminate period of time, and returned with a unanimous guilty verdict. Each juror was polled and none expressed concern over the verdict.

11

Given such a possible reading, it is <u>difficult</u> to conclude that the trial judge coerced the jury in violation of Tavarez's due process rights. More in point, it is <u>impossible</u> to say that the state court's decision that there was no coercion was unreasonable under AEDPA. *See United States v. Rojas*, 617 F.3d 669, 677-79 (2d Cir. 2010) (absent evidence of juror disunity or coercion, the district court did not err in recalling discharged jury to correct an orally announced verdict that did not conform to the written verdict sheet).

Tavarez's claims fare no better when analyzed through the lens of the double jeopardy clause. Under federal law, the trial judge "has [the] authority to require redeliberation in cases in which there is uncertainty, contingency, or ambiguity regarding the jury's verdict." *United States v. Rastelli*, 870 F.2d 822, 835 (2d Cir. 1989). Here, while the record of the state-court proceedings is sparse, the trial court appeared to recognize an ambiguity concerning the verbally announced verdict, the verdict sheet, and possibly the non-verbal reactions of jurors to the foreperson's announcement, and thus it asked the jurors if they wanted to clear up the potential ambiguity.

Reviewing that decision, as we must, under AEDPA's deferential standard, we conclude that the state court could reasonably find that Tavarez was not placed in double jeopardy. *See id.* ("In *any* case upon the appearance of *any* uncertainty or contingency in a jury's verdict, it is the duty of the trial judge to resolve that doubt . . . ." (quoting *United States v. Morris*, 612 F.2d 483, 489 (10th Cir. 1979)); *see also United States v. Gaton*, 98 F. App'x 61, 64 (2d Cir. 2004) (summary order) ("The jury's responses on the verdict form were clearly ambiguous. Having not yet discharged the jury, the District Court had the authority to require redeliberation, and we certainly find no error in its doing so.").

12

## CONCLUSION

We conclude that the state court's rejection of Tavarez's ineffective-assistance-of-trial-counsel claim was not an unreasonable application of clearly established federal law. And, even assuming that Tavarez can establish cause to excuse procedural default of his fair-trial and double-jeopardy claims, the underlying claims also fail under the extremely deferential AEDPA standard that applies to them. Accordingly, the judgment of the district court denying Tavarez's habeas petition is AFFIRMED.