14-4416-pr
*Nowicki v. Cunningham*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand sixteen.

PRESENT: JON O. NEWMAN,
     RALPH K. WINTER,
     JOSÉ A. CABRANES,
        *Circuit Judges.*

---

STEVEN NOWICKI,

    *Petitioner-Appellant,*       No. 14-4416-pr

      v.

RAYMOND CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility,

    *Respondent-Appellee.*

---

**FOR PETITIONER-APPELLANT:**   JANE S. MEYERS, Law Office of Jane S. Meyers, Brooklyn, New York.

**FOR RESPONDENT-APPELLEE:**   JOHN J. SERGI (Steven A. Bender, *on the brief*), Assistant District Attorneys, *for* James A. McCarty, Acting District Attorney of Westchester County, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 29, 2014 judgment of the District Court is **AFFIRMED**.

Petitioner-appellant Steven Nowicki ("Nowicki") appeals from a judgment of the District Court denying his petition for a writ of habeas corpus. Nowicki was convicted in Westchester County Court in the State of New York, following a jury trial in September and October of 2000, of four counts of sodomy in the first degree, sixteen counts of sexual abuse in the first degree, and two counts of endangering the welfare of a child. He was sentenced in January of 2001 principally to a term of sixteen years' imprisonment. After the Appellate Division of the Second Department affirmed the conviction and sentence on direct appeal, *see People v. Nowicki*, 852 N.Y.S.2d 783 (App. Div. 2008), and the Court of Appeals denied leave to appeal that decision, *see People v. Nowicki*, 893 N.E.2d 452 (N.Y. 2008), Nowicki filed the instant petition in the District Court for a writ of habeas corpus under 28 U.S.C. § 2254.

Nowicki's habeas corpus petition alleged that he had received ineffective assistance of counsel in violation of the Sixth Amendment, incorporated against the states through the Fourteenth Amendment, for several reasons. The District Court denied the petition in its entirety but granted a certificate of appealability limited to the question of "whether [Nowicki's] right to the effective assistance of trial counsel was violated when trial counsel did not object to the prosecution's questions that arguably implicated [his] right to remain silent." *Nowicki v. Cunningham*, No. 09 Civ. 8476 (KMK) (GAY), 2014 WL 5462475 (S.D.N.Y. Oct. 27, 2014). This appeal followed.

On appeal, "[w]e review a district court's denial of a petition for a writ of habeas corpus *de novo*," *Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016), and we review the underlying state court's adjudication of a claim on the merits to determine whether it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[1] A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state

---

[1] *See also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). An "unreasonable application" of clearly established federal law is one that is "more than incorrect or erroneous" and "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks omitted).

Here, the Appellate Division concluded that Nowicki's "contention that he was denied the effective assistance of counsel is without merit." *Nowicki*, 852 N.Y.S.2d at 666. The court explained that "[t]he record demonstrates that defense counsel effectively cross-examined the People's witnesses, delivered a cogent opening and closing statement, and presented a plausible defense. The specific errors of defense counsel raised by the defendant either reflect the defendant's disagreement with reasonable trial tactics and strategies, or are not so serious as to deprive the defendant of a fair trial." *Id.* at 666–67 (citations omitted).

Nowicki argues that the Appellate Division's decision was based upon an "unreasonable application" of *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that in order to establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant "must show that counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and "that the deficient performance prejudiced the defense," meaning "that counsel's errors were so serious as to deprive the defendant of a fair trial," which is to say that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Thus, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt," considering "the totality of the evidence." *Id.* at 695.

With respect to the first prong of the *Strickland* test, Nowicki argues that "the prosecutor violated the principle of [*Doyle v. Ohio*, 426 U.S. 610 (1976)] dozens of times when she examined crucial police witnesses and Nowicki about Nowicki's failure to include certain topics within the statements that he made during interrogation," without any objection from counsel. Pet. Br. 40; *see Doyle*, 426 U.S. at 611 (holding that the use of a defendant's post-arrest silence "to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving Miranda warnings at the time of his arrest" violates due process (footnote omitted)). With respect to the second prong of the *Strickland* test, Nowicki argues that "there was a reasonable probability that, but for counsel's deficient performance, the verdict would have been more favorable to Nowicki." Pet. Br. 42.

Based upon our independent review of the record before us, we conclude that the Appellate Division's decision that Nowicki failed to satisfy the second prong of the *Strickland* test—by demonstrating "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt"— was not contrary to and did not involve an unreasonable

3

application of clearly established Federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d). The prosecution introduced substantial evidence of Nowicki's guilt at trial, including, for example, evidence that Nowicki had been present and slept on the floor of the victims' bedroom on the night of the alleged sexual assault; that his saliva was found on the genitals of one of the victims, with 56-million-to-one statistical certainty;  that one of the victims who then had Nowicki as a school teacher recognized the perpetrator of the sexual assault to have been Nowicki; and, although disputed, that Nowicki had indicated in a written statement to police that although he could not recall assaulting the victims it was "absolutely possible" that he did, later adding, "I did this." Accordingly, because we conclude that the Appellate Division's decision that Nowicki failed to satisfy the second prong of *Strickland* was not contrary to and did not involve an unreasonable application of clearly established Federal law as determined by the Supreme Court, we need not evaluate the Appellate Division's decision regarding the first prong of *Strickland*.

Based on the foregoing, we conclude that the District Court properly denied Nowicki's petition for habeas corpus in the circumstances presented.

## CONCLUSION

We have considered all of the petitioner-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the October 29, 2014 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4