No. 18-2288
*Miller v. Warden of Sing Sing*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty.

PRESENT:
        RALPH K. WINTER,
        SUSAN L. CARNEY,
        JOSEPH F. BIANCO,
               *Circuit Judges.*

_____

JAMES MILLER,

      *Petitioner-Appellant,*

          v.                            No. 18-2288

WARDEN OF SING SING CORRECTIONAL FACILITY,

      *Respondent-Appellee.*[*]

_____

FOR PETITIONER-APPELLANT:        RANDALL D. UNGER, ESQ., Bayside, NY.

FOR RESPONDENT-APPELLEE:        CAMILLE O'HARA GILLESPIE (Leonard Joblove, Amy Appelbaum, *on the brief*),

---

[*] The Clerk of Court is directed to amend the caption as above.

Assistant District Attorneys of Counsel, *for* Eric Gonzalez, District Attorney, Kings County, Brooklyn, NY.

Appeal from the judgment and order of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 23, 2018, is **AFFIRMED**.

Petitioner-Appellant James Miller appeals from a judgment of the United States District Court for the Eastern District of New York denying Miller's petition for a writ of habeas corpus. The District Court certified two questions for appeal under 28 U.S.C. § 2253(c). This Court accepted and expanded the certification in a December 21, 2018 order.

In April 2010, after a jury trial in Kings County Supreme Court, Miller was convicted of Burglary in the Second Degree (under N.Y. Penal Law § 140.25(2)) and Grand Larceny in the Fourth Degree (under N.Y. Penal Law § 155.30(1)) for his role in a March 2009 burglary. Only two latent fingerprints found at the scene linked Miller to the crimes. At trial, New York Police Department (NYPD) fingerprint examiner Rosemarie Simonetti testified to her analysis of the two fingerprints. In addition to providing the results of her own examination—including her conclusion that the prints were Miller's—she stated briefly that two other NYPD fingerprint examiners had checked her work and agreed with her conclusion. Miller's trial counsel did not object to this testimony.

Upon the jury's guilty verdict, the court sentenced Miller as a persistent violent felony offender to concurrent prison terms of sixteen years to life on the burglary conviction and one and one-half to three years on the grand larceny conviction. Miller unsuccessfully appealed the judgment of conviction in state court and he then, again unsuccessfully, challenged his conviction under New York Criminal Procedure Law § 440.10. The District Court denied Miller's federal habeas petition in 2018 after the section 440.10 proceedings

2

ended. *See Miller v. Warden of Sing Sing Corr. Facility*, No. 13-cv-4576, 2018 WL 3518503, at *1 (E.D.N.Y. July 20, 2018).

Our Court reviews *de novo* the District Court's denial of a petition for a writ of habeas corpus. *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts must apply a deferential standard of review to state court rulings "with respect to any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). If the state court did not decide the claim "on the merits," however, federal courts will review the state court's ruling *de novo*. *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001) (internal quotation marks omitted) ("If a state court has not adjudicated the claim 'on the merits,' we apply the pre-AEDPA standards, and review *de novo* the state court disposition of the petitioner's federal constitutional claims."). Miller argues that the New York courts did not adjudicate his ineffective assistance claim on the merits. Therefore, he urges that, like the District Court, our Court should review the ineffective assistance claim *de novo*. Because we conclude that the result is the same whether we review *de novo* or apply the AEDPA standard, we need not resolve the question whether the state court decided Miller's ineffective assistance claim on the merits.

Turning, then, to the merits of Miller's ineffective assistance claim: Miller argues that his trial counsel's failure to object to Simonetti's discussion of the work of two other fingerprint examiners ran afoul of the Sixth Amendment and satisfies the *Strickland* standard for assessing whether he received unconstitutionally ineffective assistance of counsel. The *Strickland* standard includes two prongs. First, "[t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

3

We conclude that Miller's claim fails to satisfy the second prong: he has not shown that his trial counsel's failure to object to the alleged Confrontation Clause violation prejudiced him by likely changing the result of the proceedings. Miller's argument that he was prejudiced fails to persuade us primarily for the following two reasons.

First: Simonetti's testimony regarding the conclusions of the two other NYPD fingerprint examiners was very brief—approximately 15 lines of the transcript of her direct examination, which spanned approximately 25 pages. *See* Resp. to Order to Show Cause, Ex. A at 461-62, 470, *Miller v. Warden of Sing Sing Corr. Facility*, No. 13-cv-4576 (E.D.N.Y. Nov. 15, 2013), ECF No. 9-1. It was never mentioned again at trial by either party. As the District Court later described, the bulk of Simonetti's testimony concerned her own process in examining the fingerprints, and Miller's counsel cross-examined her about this process. *Miller*, 2018 WL 3518503, at *10. Thus, notwithstanding the crucial role that the fingerprints played in Miller's conviction, it is exceedingly difficult to infer that objections to these relatively brief references without any subsequent highlighting by the prosecution might have changed the result of the proceedings.

Second: When ruling in the section 440.10 proceedings, the New York Supreme Court judge explained that "[Miller's t]rial counsel employed and consulted with a fingerprint expert, and informed the Court that the expert may be called as a witness at trial . . . [but] trial counsel chose not to call the fingerprint expert he had consulted with as a matter of trial strategy." *People v. Miller*, No. 4792/09, 2015 WL 458723, at *2 (N.Y. Sup. Ct. Jan. 8, 2015). Miller does not contest this factual recitation. Accepting it then as true, trial counsel's decision also supports the inference that, if called to testify, the defense's fingerprint expert would have simply confirmed Simonetti's findings. We see no basis to think that the direct testimony by the two other NYPD examiners would have done anything different. These observations reinforce the conclusion that the outcome for Miller would not have changed in his favor had the other NYPD examiners testified.

In sum, we decide that Miller has not shown that he was prejudiced by his counsel's failure to object. His *Strickland* claim therefore fails. We thus see no need to address

4

*Strickland*'s first prong, whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Since we conclude that Miller's counsel was not constitutionally ineffective by failing to object to this brief testimony, we may not review Miller's substantive Confrontation Clause claim. *See Tavarez v. Larkin*, 814 F.3d 644, 649-50 (2d Cir. 2016) ("Because . . . counsel failed to object at trial, to succeed on the merits of the claim, [the petitioner] must first overcome the procedural defect . . . . There is no doubt that ineffective assistance of counsel can serve as cause to excuse a procedural default."). Because counsel's procedural default is not excused, we do not reach the question whether Miller's Confrontation Clause rights were violated when he was unable to cross-examine the two non-testifying fingerprint examiners.

\*     \*     \*

We have considered all of Miller's remaining arguments and conclude that they are without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court