20-161-pr
*McPherson v. Keyser*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
          ROSEMARY S. POOLER,
          JOSEPH F. BIANCO,
                    *Circuit Judges.*

---

FRANKLIN MCPHERSON,

        *Petitioner-Appellant,*                        20-161-pr

        v.

WILLIAM KEYSER, JR., *Superintendent,* Sullivan
Correctional Facility,

        *Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT:  JAMESA J. DRAKE, Drake Law, LLC
        Auburn, ME.

FOR RESPONDENT-APPELLEE:  MAUREEN MCCORMICK, *Assistant District Attorney*, (Tammy J. Smiley, Judith R. Sternberg, Jason R. Richards, *Assistant District Attorneys*, *of counsel*), *for* Joyce A. Smith, *Acting District Attorney*, *Nassau County*, Mineola, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Petitioner Franklin McPherson ("McPherson") appeals from a November 15, 2019 order and a November 19, 2019 judgment of the District Court denying his petition for a writ of habeas corpus. In September 2008, following a jury trial in New York state court, McPherson was convicted of, *inter alia*, murder in the second degree ("depraved indifference murder"). He appealed to the New York Supreme Court, Appellate Division, Second Judicial Department, where his conviction was affirmed, with one justice dissenting. He then appealed to the New York Court of Appeals, where his conviction was affirmed with two judges dissenting. He sought and was denied review in the United States Supreme Court. McPherson then petitioned for a writ of habeas corpus in the District Court. His petition was denied and the District Court declined to issue a certificate of appealability. We granted a certificate of appealability, limiting our review to two issues: (1) "whether the evidence at trial was sufficient to establish beyond a reasonable doubt that [McPherson] acted with the mens rea necessary to support his conviction for second-degree murder," and (2) "whether . . . [McPherson's] counsel was ineffective in failing to move to dismiss his second-degree murder count." Resp't Suppl. App. 1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a petition for a writ of habeas corpus *de novo*. *Lynch v. Dolce*, 789 F.3d 303, 310–11 (2d Cir. 2015). Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we review a claim that was decided on the merits in a state court only for an "objectively unreasonable" application of clearly established federal law. *Rivas v. Fischer*, 780 F.3d 529, 546 (2d Cir. 2015); *see* 28 U.S.C. § 2254(d).

(1)

McPherson argues that there was insufficient evidence to establish the required mens rea of depraved indifference necessary to sustain his second-degree murder conviction.

McPherson first raised this argument on direct appeal to the Appellate Division, and that court held that the claim was procedurally defaulted, since McPherson had not preserved it for appellate review at trial. *People v. McPherson*, 932 N.Y.S.2d 85, 87 (2d Dep't 2011), *aff'd sub nom. People v. Heidgen*, 22 N.Y.3d 259 (2013). "In any event," the Appellate Division held, the evidence at trial "was legally sufficient to establish the defendant's guilt . . . beyond a reasonable doubt." *Id.* at 87. The Court of Appeals subsequently recognized that McPherson had failed to preserve his insufficiency claim. *See Heidgen*, 22 N.Y.3d at 274, 278. However, the Court of Appeals did analyze

the merits of the insufficiency argument in the context of McPherson's ineffective assistance of counsel claim, concluding that "there was no reasonable probability that the result would have been different" had counsel filed a motion to dismiss the depraved indifference murder charge, because "[t]here was, under the circumstances, ample evidence supporting" the jury's mens rea finding. *Id.* at 279. Therefore, the Court of Appeals held, McPherson "was not prejudiced" by his trial counsel's failure to raise the insufficiency claim. *Id.*

In other words, at the conclusion of state proceedings, both state appellate courts had concluded that the insufficiency claims were procedurally defaulted, but both had also given the merits of those claims substantial consideration—the Appellate Division in the form of an alternate holding, and the Court of Appeals as part of its prejudice analysis under McPherson's ineffective assistance of counsel claim.

"[A]n adequate and independent finding of procedural default will bar federal habeas review" of the underlying claim. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (quoting *Harris v. Reed*, 489 U.S. 255, 262 (1989)). This is true even where, as in the instant case, the state court "reach[es] the merits of a . . . claim in an *alternative* holding." *Id.* (emphasis in original) (quoting *Harris*, 489 U.S. at 264 n.10). The New York courts' application of their rules regarding the preservation of legal issues for appellate review in criminal cases—codified at N.Y. Crim. Proc. Law § 470.05[2]—constitute independent and adequate state grounds for their rejection of McPherson's insufficiency claim. *See Jimenez v. Walker*, 458 F.3d 130, 136 (2d Cir. 2006) ("[F]ederal courts may not review the judgment of a state court that 'rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the court's decision.'" (quoting *Harris,* 489 U.S. at 260)); *see also Garvey v. Duncan*, 485 F.3d 709, 720 (2d Cir. 2007) ("[T]he procedural bar of § 470.05(2) constitutes an independent and adequate state ground for the Appellate Division's holding.").

In light of this, the District Court found McPherson's insufficiency claim procedurally barred. We agree that it is.

McPherson argues that he can overcome this procedural bar through his ineffective assistance of counsel claim. That is, separate from the ineffective assistance claim that McPherson advances on its own merits as grounds for habeas relief (addressed in the next Part of this order), McPherson also argues that his counsel's ineffective assistance "demonstrate[s] cause for his state-court default . . . and prejudice therefrom," allowing a "federal habeas court [to] consider the merits of [his] claim." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 633 (2d Cir. 2001) (quoting *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). We disagree. McPherson's ineffective assistance claim itself fails

3

as we discuss in Part 2 of this order.[1] And "ineffective assistance can establish cause for a procedural default only if it is itself a valid constitutional claim." *Aparicio v. Artuz*, 269 F.3d 78, 99 n.10 (2d Cir. 2001) (citing *Edwards*, 529 U.S. at 451). It therefore is of no help to McPherson in overcoming his procedural bar.

Moreover, even if we were to ignore the procedural bar, we would reject McPherson's insufficiency claim. "[W]e may affirm the district court's denial of [McPherson's] habeas petition on any ground available in the record. *Tavarez*, 814 F.3d at 650 n.4 (citing *Cornell v. Kirkpatrick*, 665 F.3d 369, 378 n.6 (2d Cr. 2011)). Here, the Appellate Division found that although McPherson's insufficiency claim was procedurally barred, it was, "[i]n any event," without merit. *McPherson*, 932 N.Y.S. 2d at 87. In addition, as noted, the Court of Appeals did indicate that the insufficiency claim lacked merit in rejecting McPherson's ineffective assistance of counsel claim. *See Heidgen*, 22 N.Y.3d at 279. "[B]ecause the [appellate courts'] ruling[s] . . . indicate[] 'merits' consideration, we [may] assume without deciding that there was an 'adjudication on the merits' in the state courts, and . . . analyze whether habeas relief is warranted under the deferential § 2254(d) standard." *Cotto v. Herbert*, 331 F.3d 217, 231 (2d Cir. 2003). Applying that standard, we can readily conclude that McPherson has failed to establish that the Court of Appeals' rejection of his insufficiency claim on the merits was an unreasonable application of clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d).

"[A] defendant challenging the sufficiency of the evidence bears a heavy burden. On such a challenge, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Rojas*, 617 F.3d 669, 674 (2d Cir. 2010) (internal quotation marks omitted). Evaluating the totality of the evidence, we "uphold the jury's verdict as long as '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.*

---

[1] In Part 2 of this order, we analyze McPherson's ineffective assistance claim under the AEDPA standard explicitly, since we are evaluating it as an independent ground for habeas relief. That is, we ask not merely whether the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) was incorrect, but whether "[the state court] applied *Strickland* to the facts . . . in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002). The parties disagree as to "whether de novo review or AEDPA deference applies when a habeas petitioner advances a claim of ineffective assistance as cause to excuse procedural default (rather than as independent grounds for habeas relief)." *Tavarez v. Larkin*, 814 F.3d 644, 650 (2d Cir. 2016). This is a matter about which our sister Circuits have disagreed, and on which we have not yet spoken definitively. *See id.* at 650 n.3 (summarizing the circuit split). It is unnecessary for us to explicitly invoke one standard of review or the other here. We find in this case that whether the ineffective assistance claim is evaluated *de novo or* with AEDPA deference, it fails for the same reason: McPherson is unable to establish that he was prejudiced by his trial attorney's alleged ineffectiveness. *Id.* at 650; s*ee also infra* Part 2.

(emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Therefore, were we to decide the insufficiency claim on its merits, we would ask whether any rational juror could find that McPherson acted with "depraved indifference to human life." *See* N.Y. Penal Law § 125.25[2]; *People v. Feingold*, 7 N.Y.3d 288, 296 (2006) ("[A] depraved and utterly indifferent actor is someone who does not care if another is injured or killed[.] . . . [D]epraved indifference to human life is a culpable mental state." (internal quotations marks omitted)).

In the early morning of October 19, 2007, McPherson drove five miles down the Southern State Parkway in the wrong direction, causing a car crash that killed the driver of an oncoming car. Blood drawn from him approximately an hour later showed that he had a blood alcohol content of .19. McPherson essentially argues that under New York law, he was too intoxicated to form a mens rea of deliberate indifference. Appellant's Br. 31-43. But multiple items of evidence adduced at McPherson's trial could have led a juror to rationally conclude that he possessed the required mens rea, including: that he recognized the need to flee the nightclub after allegedly discharging his firearm there; that he helped place a more intoxicated friend in a car; and that he ignored multiple indications he was driving the wrong way, such as wrong way signs, backwards signs, near-misses with oncoming traffic, and a truck that blew its airhorn at him for several seconds.

In sum, McPherson's insufficiency claim is procedurally barred, and we therefore reject it on that basis, but even if the claim were not barred, it would not succeed as grounds for habeas relief.

(2)

We turn next to McPherson's ineffective assistance of counsel claim.

To make out a claim for ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. When an ineffectiveness claim is advanced as a grounds for habeas relief under AEDPA, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell*, 535 U.S. at 698-99. Instead, a petitioner must show "that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*; *see also Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (explaining that *Strickland* review under AEDPA is "doubly deferential" to both counsel's performance and the state court's decision).

We have no trouble concluding, like the District Court, that the state court correctly applied *Strickland* when it rejected McPherson's ineffectiveness claim. As the New York Court of Appeals explained, while McPherson's trial counsel "should have moved to dismiss the charge of depraved indifference murder" because that argument was not "so weak as to be not worth raising," nonetheless, "a motion to dismiss would not have been successful." *Heidgen*, 22 N.Y.3d at 278-79

5

(internal quotation marks omitted). In sum, McPherson was not prejudiced by his counsel's failure to move to dismiss the second-degree murder charge.

McPherson faults the Court of Appeals for stating—in the context of explaining why McPherson was not prejudiced—that "a motion to dismiss would not have been successful." *Id.* at 279. To McPherson, this demonstrates that the court held him to a higher standard than *Strickland* allows, since *Strickland* only requires a "reasonable probability" of success. Appellant's Br. 61-66. But this argument ignores the clear language of the Court of Appeals' holding later in the same paragraph: "Since there was no *reasonable probability* that the result would have been different, defendant's claim also fails under the federal standard." *Heidgen,* 22 N.Y.3d at 279 (emphasis added) (citing *Strickland,* 466 U.S. at 694). The court clearly knew the correct standard and applied it.

In sum, New York's highest court did not apply *Strickland* incorrectly or unreasonably. We therefore agree with the District Court that McPherson cannot obtain habeas relief based on his ineffective assistance of counsel claim.

## CONCLUSION

We have reviewed all of the arguments raised by McPherson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 15, 2019 order and November 19 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk